[No. 1137. Decided December 5, 1893.]

THE STATE OF WASHINGTON, *on the relation of Joseph Hersner*, v. JESSE ARTHUR, *Judge of Superior Court of Spokane County, Washington.*

MANDAMUS — CORRECTION OF STATEMENT OF FACTS.

Under Laws 1893, p. 114, §§ 9, 11, where a statement of facts on appeal has been served on the respondent with notice of settlement on a day named, and the respondent makes no objection thereto until after the statement is settled and certified by the judge, *mandamus* will not lie for the purpose of compelling the judge to correct the statement as to omitted testimony, and amend his certificate to conform to the new statement.

*Original Application for Mandamus.*

*Jones, Belt & Quinn*, and *James A. Haight*, for relator.
*Prather & Danson*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— This is a petition for a writ of *mandamus*. The petition alleges that an action for the foreclosure of a mortgage, in which petitioner was plaintiff and B. Martin and Mary Martin, his wife, were defendants, was tried on the 23d day of May, 1893, and on said day a decree was duly rendered and signed by Jesse Arthur, judge of Spokane county aforesaid; that on the trial of said cause petitioner, B. Martin and wife, and several other witnesses on the part of both plaintiff and defendants, testified and gave evidence, but that none of the testimony was reduced to writing; that Messrs. Herman & Wilson, attorneys, represented defendants at the trial of said cause; that on the 21st day of June, 1893, a paper purporting to be a copy of a statement of facts in said action was served on Messrs. Jones, Belt & Quinn, attorneys for the petitioner in said action; that on the 22d day of June, 1893, a paper purporting to be a statement of facts in said cause, and the original of the copy served on the petitioner's attorneys, was filed in said cause, but that neither of said papers was addressed to the petitioner or to his said attorneys, and neither of said papers was signed or subscribed by either said B. Martin or his wife, or by his said attorneys, or by any attorney, or by any person; that afterward, on the 6th day of July, 1893, a notice of appeal in said action to the supreme court, signed by Messrs. Prather & Danson, as attorneys of said B. Martin and wife, was served upon petitioner's attorneys, and an appeal bond was also, on the said 6th day of July, 1893, filed in said cause by the said B. Martin and wife; that no notice of substitution or change of attorneys in

said cause was ever given or served; that petitioner, believing that no statement of facts had been served or filed in said cause, and that said attorneys, Prather & Danson, had no right or authority to represent said B. Martin and wife in said cause without notice of substitution as required by law, did not file any objections to said purported statement of facts, and the said Jesse Arthur, judge aforesaid, deeming that said statement of facts was agreed to, without any examination of said alleged statement of facts, did, on the 27th day of September, 1893, sign a certificate to said alleged statement of facts as follows:

"I, Jesse Arthur, the judge of said court before whom said cause was tried, do hereby certify that the matters and things embodied in the foregoing statement of facts are matters and things occurring in the cause, and that the same are hereby made a part of the record therein; and that said statement contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein."

That the said paper, purporting to be a statement of facts, purported to contain all the testimony of the witnesses given upon the trial of said cause; but petitioner alleges that a large part of the material testimony given by said witnesses on said trial was left out of said alleged statement of facts, and that only that part of the testimony of said witnesses as was favorable to said B. Martin and wife was set out in said statement, and that a large part of the testimony which was favorable to petitioner, and tended to prove the allegations of his complaint, was left out of said alleged statement, and that said alleged statement did not and does not contain all of the material facts and proceedings occurring in said cause. That afterwards, in the month of October, 1893, petitioner duly applied to the said Jesse Arthur, judge as aforesaid, to correct his certificate to said statement of facts according to the facts, and to state and certify in his amended certificate that none of

the testimony of the witnesses on the trial of said cause was reduced to writing, and that it was impossible for the said judge to certify that the testimony of the witnesses, as set forth in said statement, is correctly embodied therein, and that said statement of facts does not contain all the material testimony of the witnesses on said trial; which application, on due hearing, was denied. That the said Jesse Arthur, judge as aforesaid, stated, at the time he overruled said application, that none of the testimony of the witnesses testifying had been reduced to writing, and that it was impossible for him to say that the testimony of the witnesses, as set forth in said statement of facts, was correctly given therein, or that said statement of facts contains all the material facts or testimony of the witnesses who testified upon the trial of said cause, and that he, the said judge, signed said certificate without an examination of said statement of facts, and because the petitioner had failed to file or make any objections to said statement as filed; that he, the said judge, would deny the application to correct said certificate for the reason that he doubted his power or right to make such correction. And petitioner prays for a mandate of this court commanding and directing the said Jesse Arthur to correct his certificate to the said statement of facts according to the facts herein alleged by the petitioner.

In order to expedite a discussion of this case the judge answered admitting the substantial truthfulness of the matters and things set up in the petition, stating affirmatively that, even if he had made an examination of said statement and read the same, he would have been unable to certify that it contains all the material facts testified to on the trial of said cause, as the said testimony was not reduced to writing at the time of said trial; and he did not remember, at the time he made said certificate, all the evidence or all the facts brought out in the trial of said case.

A reference to the statute providing for the settlement of a statement of facts is necessary to the determination of this question, as a statement of facts can only be settled in the manner prescribed by the statute, and a judge can only certify a statement in accordance with the direction of the statute. Sec. 9 of chap. 60, Laws 1893, p. 114, which is an act providing for and regulating the taking of exceptions and settling and certifying bills of exceptions and statements of facts, and providing the manner of preparing a statement and the notice required, provides as follows: "If no amendment shall be served within the time aforesaid, the proposed bill or statement shall be deemed agreed to and shall be certified," etc.

It seems to me that there can be but one construction given to this statute; that the intention of the legislature is plainly deduced from the language employed, viz., that a time and place have been denominated for amendments to be presented by respondent to the statement of facts (a copy of which has been served upon him), if he desires to make any amendments; and if he does not appear at such time and place and offer any objections or amendments, the judge must conclude that he accepts the statement filed as the proper statement, and that no amendments are desired; for the law says plainly that, under such circumstances, "the proposed bill or statement shall be *deemed* agreed to, and shall be certified by the judge;" and under such circumstances, in my opinion, the judge has no other duty to perform; no duty of investigation is imposed upon him excepting where amendments are offered, and there is a contest instituted thereby. If respondents were allowed to disregard the time which is prescribed under the law for filing objections to the statement or amendments thereto, then all the provisions of the law as to time are utterly without force or meaning. The idea that the judge is only to enter into an investigation when the statement

is questioned by the respondent is borne out by the provisions of § 11 (Laws 1893, p. 115), which provides:

"The judge shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, are matters and proceedings occurring in the cause, and that the same are thereby made a part of the record therein; and, when such is the fact, he shall further certify that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or (as the case may be) such thereof *as the parties have agreed* to be all that are material therein."

Under the provisions of this section, if the parties agree that the statement contains the material facts the judge shall so certify. This provision, taken in connection with the provision in § 9, that where there is no amendment the proposed statement shall be deemed agreed to, leaves very little to be said so far as the intention of the lawmakers is concerned. In this case there was, under the law, an agreement that the statement certified contained all the material facts, and the parties are bound by it. While the statute provides that the judge may correct or supplement his certificates according to the facts at any time before an appeal is heard; and that he may be compelled to do so by mandate of this court, he can only correct it in accordance with the facts as shown by the statement at the time of the settlement; but he certainly is not given authority to correct the statement and then make his certificate conform to the facts of the new statement, for this would be virtually a new settlement of the statement of facts, which, as we have said above, would destroy the force of the law prescribing the time; and the questions which ought to have been settled within ten days after the filing of the statement would remain unsettled up to the time of the hearing of the appeal, and no intelligent preparation for the hearing of a case in this court could be made.

It is objected that this construction of the statute would place the settlement of a statement of facts in the hands of the litigants, or their attorneys, and that the effect might be to make this court a court of original jurisdiction. A glance at § 12 of the same act (Laws 1893, p. 116), leaves no doubt of the legislative intention to confer this power of settlement on the parties, for it specially provides that in case of the death of a judge the statement may be settled by stipulation of the parties with the same effect as if duly settled and certified by such judge while still in office; so that the only question remaining in my mind is the question of the constitutionality of the act, and I hardly think that the remote possibility of attorneys entering into a collusion, in violation of their oaths as officers of the court, to impose a false record upon this court is a sufficient consideration to warrant this court in holding the legislative act unconstitutional. If such a case should arise, and was brought to the attention of the court, I have no doubt of the power of the court to relieve itself of the attempted imposition.

The question of notice presented at considerable length in the petition, it seems to me, cannot be considered here. If legal notice was not given to the respondent, his remedy is to strike the statement of facts, but he cannot rely on his want of notice until after the time for amendment has expired, and then abandon his position, and seek to substitute another statement, or another certificate, which would destroy the force and effect of the statement settled, and which could not be brought here with a certificate of any other character.

The writ should not issue.

SCOTT and ANDERS, JJ., concur.

STILES, J. (*concurring*).—I concur in the foregoing, and in addition would say, that I desire it to appear distinctly,

as my view of the matter, that it is entirely within the authority of the trial judge to correct his certificate at any time so as to make it conform to the truth; that is, if having certified that the statement contains all the material facts, when in fact it contains only a part of them, he cannot be estopped to make the correction. This seems to be the point about which the judge in this instance was most in doubt.

HOYT, J. — I concur in what is said by Judge STILES as to the right of the court to correct its certificate, and think the writ should issue requiring him so to do.