[No. 1439.  Decided October 26, 1894.]

THE STATE OF WASHINGTON, *on the relation of George W. Smith et al.*, v. EMMETT N. PARKER, *Judge of the Superior Court of Pierce County*.

9  653
26  164

APPEAL — STATEMENT OF FACTS — CERTIFICATE.

Under the appeal act of 1893, a trial judge cannot be compelled to certify that the statement of facts "contains what the parties have agreed and accepted to be all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record thereof," when in fact only a part of the testimony has been incorporated therein.

*Original Application for Mandamus.*

*Leuders & Leo,* for relators.

*Walter M. Harvey,* for respondent.

The opinion of the court was delivered by

STILES, J. — The relators show by their petition that in a certain cause pending in the superior court of Pierce county, before the respondent as judge, they prepared, filed and served a statement of facts on appeal, to which the opposing party in the action offered amendments, which were accepted. These facts, they contend, justified their demand that the respondent certify the statement, with the amendments incorporated, as "such facts, matters and proceedings heretofore occurring in the cause, and not already a part of the record therein as the parties have by such proposed statement of facts and accepted amendments thereto agreed to be all the facts, matters and proceedings material therein." Upon this showing a mandamus is asked to require the making of the certificate demanded.

The respondent's answer, after admitting the material facts of the petitioners' statement of the matter, alleges

that while the statement of facts submitted to him contained a part of the evidence preserved by a stenographer, it did not contain all of the evidence, that pertaining to some of the material issues being entirely omitted. The answer further shows that the form of certificate demanded of him was as follows:

"That the matters and proceedings embodied in said statement of facts are matters and proceedings occurring in the cause, and contains what the parties have, by the proposed statement of facts and proposed amendments thereto, agreed and accepted to be all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record thereof."

This certificate the respondent refused to make, because it would be untrue; but he offered to certify that the matters and proceedings embodied in the statement were "facts, matters and proceedings occurring in the cause," etc.

Section 11 of chap. 60, Laws 1893, p. 115, is appealed to by the relators as sustaining their contention that when a statement has been proposed, and amendments are made and accepted, the engrossed statement and amendments are to be taken as an agreed statement of all the material facts, and must be so certified by the judge. But the error of this construction is apparent from the present case. The statute does not contemplate that a trial judge shall be called upon to certify to this court as true what he knows to be not true. The relators evidently expect to have their appeal upon some error alleged to have occurred in connection with the trial, and they consider some part of the testimony as necessary to explain the error. To this end they have embodied part of the testimony taken from the stenographer's notes. But they do not expect to urge that the verdict or decision was not justified by the evidence, and therefore the rest of the testimony is omitted. The other side understands it in the same way, and has proposed as amendments only so much of the testimony as

they deem necessary to complete that which was offered by the relators, to explain alleged errors.

To this extent there is an agreement, perhaps. But a certificate in the form or substance proposed would import much more than the statement is entitled to credit for. Containing testimony relative to the issues made, it is open to argument whether a certificate that it included all the material facts would not justify the court in considering the case upon the ground of insufficiency of the evidence, in case the appellants should urge that as a ground of reversal, which would be manifestly unfair, both to the respondent on the appeal and to the court. The only way to obviate such a surprise would be for the respondent to propose as an amendment all of the testimony in the case not included in the statement, a burden not intended to be imposed on the successful party, and a result by no means desirable upon hearings in this court.

The acts governing exceptions, statements of facts and appeals, passed in 1893, are so framed that it is now possible for parties aggrieved by a decision, in either a legal or an equitable action, to have alleged errors passed upon by this court, without imposing upon it the masses of stenographer's notes heretofore sent up, and the reform will be a valuable one, if carried out. But were we to give the section under consideration the construction contended for by relators the effect would be to compel parties and judges to see that in every case all the testimony was included in the record. Of course, when it is intended to urge the insufficiency of the evidence, an appellant must see that all of the evidence is in the record, under a proper certificate; though by this we do not mean necessarily stenographer's notes of the testimony. The act does provide for a certificate, in certain cases, that the statement presented contains such of the material facts as the parties have agreed to be all that are material; but that would be

a different case from this — one in which the written stipu-
lation of the parties would be necessary.   The judge in
such a case will rely upon the successful party to protect
himself by the terms of the stipulation against any sur-
prise of the kind alluded to, and his certificate amounts to
little more than an authentication of the signatures of the
stipulators.

But in the case before us there is no element of a stipu-
lation, or an agreement of any kind.   The relators propose
a partial statement, and their opponents, standing at arm's
length, protest that it will not be a complete partial state-
ment without certain amendments.   Whether by acceptance
or decision of the court does not matter; the amendments
are ordered incorporated and then the document is ready
for certification in accordance with its actual contents.   In
this instance it includes material facts, which the certificate
offered by the judge fully covers.

The writ is, therefore, refused.

HOYT and ANDERS, JJ., concur.

DUNBAR, C. J., concurs in the result.