[No. 4707.   Decided June 18, 1903.]

THE STATE OF WASHINGTON *on the Relation of William D. Fetterley* v. ARTHUR E. GRIFFIN, *Judge of the Superior Court of King County.*

APPEAL — SETTLEMENT OF STATEMENT OF FACTS — WAIVER OF RIGHT TO PROPOSE AMENDMENTS — EFFECT.

The settlement and certification of a proposed statement of facts, upon the waiver by the adverse party of his right to propose amendments, ousts the court, in the absence of fraud, of further jurisdiction over the matter, even though objection is raised to the statement before the expiration of the ten days allowed by statute for the submission of amendments after the filing of the proposed statement.

*Original Application for Prohibition.*

*Solon T. Williams,* for relator.

*W. T. Scott, Elmer E. Todd* and *Herman W. Craven,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This is an original application in this court for a writ of prohibition directed to the superior court of King county, and to the Honorable Arthur E. Griffin, one of the judges thereof. The affidavit in support of the application substantially recites the following facts, to wit: That on the 2d day of March, 1903, there was pending in said superior court a certain cause, wherein the state of Washington was plaintiff and the relator was defendant; that the cause was tried before the above-named judge of said court and a jury, and that on said date the jury returned into court a verdict of guilty as charged; that thereafter, on the 13th day of March, 1903, the said court, after overruling a motion for a new trial, duly sentenced the relator to serve a term of fifteen years' imprisonment in the state penitentiary; that within ten days from said date the relator duly appealed from said judgment to this court, and within thirty days, to wit, on the 8th day of April, 1903, he caused to be filed and served a proposed statement of facts in said cause; that thereafter, on the 11th day of April, 1903, the said plaintiff, by its attorney, in open court duly waived the ten days allowed by law for proposing amendments to said statement of facts, and consented that the proposed statement so filed and served by relator's attorney should be settled, certified, and signed by said court as and for the statement of facts in said cause; that no proposed amendments to said statement of facts have ever been filed or served; that thereafter, on said 11th day of April, 1903, the said judge did settle, certify, and sign said proposed statement of facts as and for the statement of facts in said cause, and did certify that the matters and proceedings embodied therein were matters and proceed-

ings occurring in said cause; that the same was thereby made a part of the record therein, and that said statement contained all the material facts, matters, and proceedings theretofore occurring in said cause and not already a part of the record therein; that thereafter, and on said 11th day of April, 1903, the state of Washington, plaintiff in said cause, served upon this relator, the defendant therein, and filed in said court, a motion as follows:

"Comes now W. T. Scott, the prosecuting attorney of the county of King, state of Washington, and moves the court for an order herein vacating and setting aside the certificate to the statement of facts heretofore signed in said cause on the 11th day of April, 1903, which said statement of facts was proposed by the defendant in the above-entitled cause, for the reason that said purported statement of facts purports to contain matters not occurring at the trial of said cause, and does not contain all the material matters and proceedings in said cause, nor all the evidence and testimony taken at the trial of said cause. This motion is based on the files of said cause, and the minutes of the proceedings on the trial thereof, and the affidavits of Elmer E. Todd and S. H. Furber hereto attached."

That thereafter, on the 25th day of April, 1903, the relator, by his attorney, duly objected to the consideration of said motion by the said judge, for the reason that neither said respondent, as such judge, nor said superior court of King county, had jurisdiction to entertain said motion, which objection was by said judge overruled, to which ruling the relator duly excepted; that the hearing upon said motion was by repeated adjournments continued until the 9th day of May, 1903, and that the respondent threatened to and would, unless prohibited by this court, proceed on said date to the consideration of said motion, and would then vacate and set aside said certificate of said statement of facts; that no charge of deceit, fraud, or mis-

representation is made as a basis for said motion. Upon the above recital of facts an alternative writ of prohibition was issued by this court, directed to the said judge and to said court, commanding that further proceedings shall not be had upon the consideration of said motion until the further order of this court, and also commanding the said judge to show cause why he shall not be absolutely prohibited from any further proceedings in such matter.

To the alternative writ the respondent answered that, when the said statement of facts was certified by him, the state of Washington was not present in court by attorney or otherwise, but through one of its attorneys it had informed the clerk in department No. 2 of said court, in which department the respondent is the presiding judge, that it consented that said statement of facts proposed by relator should be certified; that on the same day the aforesaid motion to vacate and set aside the certificate was served and filed, and in support thereof certain affidavits were also served and filed. Copies of the affidavit are attached to the answer, and that of Elmer E. Todd is to the effect that the statement of facts proposed by relator purported upon its face to be a full and complete record of all the proceedings and matters occurring on the trial of said cause; that he was not present at the trial of the cause, and he inquired of Mr. Furber, who, as stenographer, reported the trial, whether the relator's attorney had procured from said Furber a complete statement of facts from the minutes of proceedings as reported by said Furber; that said Furber told him he had done so; that he, having no reason to believe the statement proposed by relator was other than what it purported to be, consented to its being signed on April 11, 1903; that about an hour thereafter he showed a copy of said statement to said Fur-

ber, who informed him that the statement was not the one prepared by him (Furber), whereupon he at once proceeded to the office of relator's attorney, and informed said attorney that he could not consent to the certifying of the said proposed statement, and, upon learning from said attorney that it had already been certified, he proceeded at once to the courthouse, and asked the court to set aside said certificate, and the court thereupon informed him that he would take the matter up only when relator's attorney was present. The affidavit of S. H. Furber is to the effect that the statement he prepared was a complete and correct report of the proceedings on the trial of said cause, and that the statement proposed by relator is not the one prepared by said Furber, but that it has been changed by omitting certain portions. The portions alleged to have been omitted are specifically set out. The affidavits of Vince H. Faben and B. F. Stuart are to the effect that certain omissions were made in the proposed statement. The answer of respondent proceeds to say that leave was given to file said affidavits, over the objection of relator; that he has not heard and decided said motion upon its merits, but that if the facts are as set out in the affidavits filed in support of the motion, and if it further appears that the state of Washington through its attorney's mistake or inadvertence consented that the statement proposed by relator be certified by the respondent as judge, and if it further appears that such statement contains facts and matters which did not occur in said cause, and does not contain all the material matters and proceedings which did occur therein, the respondent as such judge desires to grant said motion and set aside said certificate.

The foregoing is a substantial statement of the issues upon which a hearing was had in this court. It is not de-

nied that the proposed statement was regularly filed and
served, and that three days thereafter the state, through
its attorney, consented that the statement proposed should
be settled, certified, and signed.    The state was under no
compulsion to waive the statutory ten days within which
it might file and serve proposed amendments to the state-
ment, a right expressly granted to it by § 5058, Bal. Code.
It did, however, waive the time, and also the right to file
and serve proposed amendments.    There is no showing
that relator's counsel intentionally deceived the attorneys
for the state by a misrepresentation of any facts, or that he
indulged in any fraudulent scheme to mislead them.    The
proposed statement was openly filed and served, and it
was for the state's counsel to examine the same and deter-
mine whether any amendments were desired.    Although
it may be a common custom, yet it was not compulsory
that relator's counsel should file and serve the identical
typewritten manuscript which was handed him by the
stenographer.    Such˙ manuscript could be used by him in
the preparation of what he intended to propose as a state·
ment of facts, and he then had a perfect right to file and
serve such proposed statement.    It is not impossible for
counsel to honestly believe that errors appear in the trans·
cribed notes of a stenographer, and in that event he has a
right to correct such errors in accordance with what he be-
lieves the facts to be, and may present his statement so cor-
rected, leaving it to opposing counsel to offer amendments
if the statement does not conform to his understanding of
the facts.    In such event the court must determine what
the disputed facts are, and in most cases will doubtless
be governed by the stenographer's notes.    But it is not
impossible that even court and counsel may clearly believe
them to be otherwise.    The state had the opportunity
to examine this proposed statement and determine upon

its sufficiency. In law it must be presumed to have done so, in the absence of actual fraud by the relator, and to have found no objection to it by reason of having waived time and the right to propose amendments. The waiving of time to propose amendments, and the consent of the state that the statement be signed without amendments, became as binding upon it as if ten days had elapsed with no amendments proposed, in which latter case it would, under the statute, have been "deemed agreed to," and should have been certified by the judge. The statement was therefore regularly settled and certified. In *State ex rel. Hersner v. Arthur,* 7 Wash. 358 (35 Pac. 120), this court declared that a statement of facts can only be settled in the manner prescribed by statute, and that a judge can only certify a statement in accordance with the direction of the statute. It was also declared that when no amendments are proposed, the statement being "deemed agreed to," the judge has no duty of investigation imposed upon him, and shall certify the statement as proposed. Under the stipulation of counsel for the state the certificate in question here must be held to have been made under like circumstances. It is of equal and binding force as though made after ten days, with no amendments proposed. In either case the statement becomes a part of the record, and the respondent in an appeal is thereafter precluded from moving for its correction. For the foregoing reasons it must be held that the superior court cannot now entertain the motion against which relief is here sought.

Let the writ issue.

FULLERTON, C. J., and ANDERS, DUNBAR, and MOUNT, JJ., concur.