[No. 5121.     Decided April 26, 1904.]

THE STATE OF WASHINGTON, *on the Relation of M. G. Royal, as Guardian etc., Plaintiff,* v. O. V. LINN, *Judge of the Superior Court of Thurston County, Defendant.*

APPEAL—STATEMENT OF FACTS—CERTIFYING AS PROPOSED—WITHDRAWAL FOR PURPOSE OF AMENDMENT. After a proposed statement of facts has been filed, and no amendments proposed, the same should be certified as proposed, and the superior court has no power to permit the same to be withdrawn, on motion of the party proposing the same, for the purpose of amending, refiling, and serving the same, although the time for filing and proposing a statement has not expired.

Application filed in the supreme court April 18, 1904, for a writ of prohibition to prevent the superior court of Thurston county, Linn, J., from permitting the withdrawal and amendment of a proposed statement of facts. Writ granted.

*Troy & Falknor,* for relator.

*Israel & Mackay,* for defendant.

1Reported in 76 Pac. 513.

PER CURIAM.—This is an original application in this court for a writ of prohibition, directed to the superior court of Thurston county, and to the Hon. O. V. Linn, judge thereof. The conceded facts are substantially as follows:  In a certain cause pending in said court, the relator herein procured a judgment against the Northern Pacific Railway Company. The latter filed and served a proposed statement of facts. Ten days expired, and no amendments were offered by the relator, and thereupon the court certified the proposed statement; but there was included in it as certified a page of purported exceptions concerning the court's instructions, which was not included in the proposed statement as originally filed and served. Thereafter this relator moved the court to strike said page from the statement of facts, for the reason that the contents thereof were never made part of the record, and no copy was ever served upon the relator as a part of the proposed statement. The motion also asked the court to correct its certificate to the statement of facts, so as to show the truth with regard to said page, and that it was incorporated in the statement without notice to the relator. The facts stated in relator's said motion, and in affidavits supporting the same, were not controverted, but the aforesaid defendant in that action thereupon moved the court for permission to withdraw, and strike from the files, the said statement, for the purpose of amending, refiling, and serving the same, with a view to its settlement as amended. The defendant was about to grant the latter motion, when the application herein was made for a writ from this court to prevent such threatened action. An alternative writ was issued and, upon the return thereto, a hearing was had.

Defendant urges that, by reason of the order extending the time for filing a statement of facts in said cause,

the time has not yet expired; that the statement now on file may be withdrawn, and a new proposed statement filed within the time limit. We think not, within the statute and the former rulings of this court. Section 5058, Bal. Code, provides that, when a proposed statement of facts has been filed and served, if no proposed amendments thereto shall be served within ten days, the statement as proposed "shall be deemed agreed to," and shall be certified by the judge. In *State ex rel. Hersner v. Arthur,* 7 Wash. 358, 35 Pac. 120, this court held that in such case the trial judge has no duty of investigation imposed upon him, and shall certify the statement as proposed. The above case was followed, and the same rule adhered to, in *State ex rel. Fetterley v. Griffin,* 32 Wash. 67, 72 Pac. 1030. By the filing and service of a proposed statement, the proposing party thereby waives any further time included within the statutory or extended limit. In the absence of some fraud in the premises, he must be presumed in law to know what the proposed statement contains, and to intend that its contents shall be what they are. When, therefore, he has proposed a statement which is unobjectionable to his adversary, the law provides that, after ten days, the court shall certify it as if it were an agreed statement in the case. We therefore think the respondent should deny the motion for leave to withdraw and refile the proposed statement in amended form, and also that the original statement as proposed should be certified.

The writ should issue accordingly.