[No. 20020. Department Two. July 15, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Tom Evans, Relator,* v. W. O. CHAPMAN, *as Judge of the Superior Court for Pierce County, Respondent.*[1]

[1] APPEAL (311)—RECORD—STATEMENT OF FACTS—COMPELLING ALLOWANCE OR SETTLEMENT. Controversies as to what occurred at the trial are left to the judgment and decision of the trial judge, and he will not be compelled by mandamus to certify to matters embodied in the statement of facts which he decided did not occur at the trial.

[2] PLEADING (129, 130)—VERIFICATION—INFORMATION OR BELIEF. A verification of a pleading to the effect that the party believes it to be true is in compliance with Rem. Comp. Stat., § 281, and is not objectionable as a verification upon information and belief.

Application filed in the supreme court May 3, 1926, for a writ of mandamus to compel the superior court for Pierce county, Chapman, J., to certify a proposed statement of facts. Denied.

*Lloyd & Croteau* and *C. D. Cunningham,* for relator.

*J. W. Selden,* for respondent.

MITCHELL, J.—This is an original application in mandamus. The relator was convicted in the superior court of a crime and has appealed. He presented to the trial judge a proposed statement of facts for settlement and certification. It contained certain material matter that was objected to by the prosecuting attorney. Upon due consideration, the trial judge sustained the objection of the prosecuting attorney and refused to allow it to remain in the statement of facts to be certified by him, and in his return and supplemental return made to the alternative writ of man-

[1]Reported in 247 Pac. 946.

damus issued out of this court makes both an affidavit and duly verified return that the matter in controversy, or questions and answers objected to by the prosecuting attorney contained in the proposed statement of facts, did not occur at any time during the trial.

[1] The trial judge and the attorneys on both sides were confronted with the unfortunate situation of the death of the court reporter after the trial, and before the trial notes could be extended for the statement of facts. However, the return of the trial judge as supplemented, is unqualified. Such controversies are left to his judgment and decision. Under § 391, Rem. Comp. Stat. [P. C. § 7819], it is he who

". . . shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, are matters and proceedings occurring in the cause and that the same are thereby made a part of the record therein; etc."

The trial judge cannot, neither will he, certify to 'matters and proceedings' that did not occur in the cause. The principle involved, under the statute, is similar to that announced in *State ex rel. Snook v. Jurey,* 101 Wash. 1, 171 Pac. 1014, wherein it was held that a judge cannot be compelled to certify a statement of facts as containing all the material facts, when such is not the case, although no amendments were proposed by the opposite party. That case followed the earlier one of *State ex rel. Smith v. Parker,* 9 Wash. 653, 38 Pac. 156, and rests upon the obvious reason as expressed in the *Parker* case that "the statute does not contemplate that a trial judge shall be called upon to certify to this court as true what he knows to be not true."

[2] Counsel for relator argues, however, that both the original and supplemental returns are verified on

belief, which, it is claimed, is the same as on informa-
tion and belief, and that, since a return in mandamus
proceedings should be absolute, those in the present
case are effective only as mere pleadings justifying and
calling for a reference to determine the facts concern-
ing the point in controversy. But the verifications are
not on information and belief. In mandamus proceed-
ings the statute, § 1018, Rem. Comp. Stat. [P. C.
§ 8192], says that the answer must be "under oath,
made in the same manner as an answer to a complaint
in a civil action." On the general subject of verifica-
tion of pleadings, § 281, Rem. Comp. Stat. [P. C.
§ 8383], provides, every pleading shall be subscribed
by the party or his attorney, and, except a demurrer,
shall also be verified by the party, his agent or attorney
to the effect "that he believes it to be true." In this
case, in the verification to each the original and the
supplemental answer or return of the respondent, he
states that he has read the return or supplemental re-
turn, as the case was, "knows the contents thereof and
believes the same to be true." He does not say he is
so informed and therefore believes or states the fact
to be, but, upon speaking of something of which he has
personal knowledge, he says he believes the same to
be true. The verification comes within the rule pre-
scribed by statute and is, we think, sufficient.

Writ denied.

TOLMAN, C. J., PARKER, MACKINTOSH, and ASKREN,
JJ., concur.