[No. 21141. Department Two. August 27, 1928.]

ALBERT M. NEIS *et al., Appellants,* v. W. F. POOL *et al.,*
*Respondents.*[1]

[1] APPEAL (285)—RECORD—STATEMENT OF FACTS—COMMENCEMENT
OF TIME FOR FILING. The filing of a statement of facts within
ninety days after the date of entry of judgment is jurisdictional,
and a statement will be struck out when not filed within that
time after the date of the judgment appealed from, as fixed by
order of the court pursuant to a stipulation of the parties.

[2] JUDGMENT (70, 74)—ENTRY—TIME OF ENTRY—EFFECT OF SUBSE-
QUENT ORDER. Where a judgment was inadvertently entered
without notice on October 14, and on November 14, the court,
pursuant to stipulation, entered an order to the effect that the
entry be set aside and the judgment re-entered as of date of
October 22, the judgment dates from October 22, and not Novem-
ber 14.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered October 22, 1927,
dismissing an action in tort, after a trial on the merits
to a jury. Affirmed.

*John F. Aiken* and *John M. Gleeson,* for appellants.

*James A. Brown* and *Randall & Danskin,* for re-
spondents.

ASKREN, J.—The plaintiffs brought this action to
recover for damages and injuries sustained in an auto-
mobile collision. At the close of plaintiffs' case, the
court dismissed the action, with this resulting appeal.

[1] At the outset we are met with a motion to strike
the statement of facts because it was not filed within
ninety days after entry of judgment. It has been our
oft repeated holding, under the statute fixing the time
for filing statements of facts, that the filing within
ninety days after judgment is jurisdictional. Rule VII

[1]Reported in 269 Pac. 801.

of this court, adopted Jan. 14, 1927, fixes the time as "90 days after the time begins to run within which an appeal may be taken." Its other provisions show clearly that, by the adoption of the rule, we intended the filing and service of the statement of facts to still be jurisdictional, but the later steps with regard thereto were not to be so considered. Appellant, recognizing the force of the rule, has sought to show that it was complied with.

[2] The facts in this connection are as follows: The court dismissed the action orally on October 11, 1927, and entered its judgment on October 14, 1927. On the 22nd day of October, 1927, the court overruled the motion for a new trial. On the 14th of November there was presented to the court a stipulation, signed by the attorneys for both parties, authorizing and consenting that the court should sign the following order:

"Judgment in the above entitled cause having been inadvertently entered by counsel for the defendant on the 14th day of October, 1927, without first giving counsel for the plaintiff notice of the presentation of said judgment, and counsel for plaintiffs and defendants having stipulated that the entry of said judgment may be set aside and the same re-entered as of the 22nd day of October, 1927;

"Now, therefore, it is hereby Ordered, Adjudged and Decreed That the entry of the judgment in the above entitled cause on the 14th day of October, 1927, be set aside and held for naught, and that said judgment be re-entered and filed as of the 22nd day of October, 1927."

The order was duly signed by the trial court, whereupon notice of appeal was filed by appellants, which referred to the judgment and its filing according to the order just set out in the following words:

"You and each of you are hereby notified, that the above named plaintiffs appeal to the supreme court of the state of Washington from the final judgment entered and rendered in the above entitled court and cause dismissing said cause. Said judgment being fully described in the order directing its filing on the 14th day of November, 1927, and also from the order overruling plaintiff's motion for a new trial in the same court and cause, to the supreme court of the state of Washington."

It was necessary that the judgment be considered filed as of October 22, instead of its prior date, to allow the notice of appeal to be filed within thirty days as required by the rules of this court.

Appellants now take the view that, since the statement of facts was filed within 90 days after the 14th day of November, 1927, the day on which the court entered its order changing the date of filing the judgment from October 14 to October 22, 1927, they have complied with the 90-day rule. They assert that the judgment ceased to exist for any purpose after November 14, the date of the order. With this we cannot agree. The judgment was originally filed as of October 14, and the date of filing was changed by the court's order to October 22, at the request and stipulation of both counsel. The appeal was clearly based thereon, and it would do violence to the stipulation and order so made to hold that the judgment did not thereafter become effective as of October 22, 1927. The statement of facts will be stricken.

There are no questions raised on appeal that we can determine without reference to the evidence.

The judgment is affirmed.

FULLERTON, C. J., BEALS, HOLCOMB, and MAIN, JJ., concur.