[No. 27857.  Department Two.  March 7, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Essie E. Davies et al., Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *William A. Huneke, Judge, Respondent*.[1]

*Clarence L. Gere*, for relators.

*James A. Brown*, for respondent.

JEFFERS, J.—This matter is before us on the petition of Essie E. Davies and Carl W. Glorfield, as administrators with the will annexed of the estate of Hester M. Hollis, deceased, relators, for a writ of mandate to compel the Honorable William A. Huneke, one of the judges of the superior court for Spokane county, to certify a proposed statement of facts filed by relators herein (plaintiffs and appellants in cause No. 102587, records of the superior court for Spokane county).

[1]Reported in 99 P. (2d) 934.

Relators instituted cause No. 102587 against Ben H. Flett and Emel H. Flett, his wife. The complaint set out two purported causes of action.

In the first, it is alleged that on August 28, 1934, Hester M. Hollis (now deceased) and John T. Hollis were husband and wife, and the owners and in possession of certain real property in Spokane county, of a value in excess of twenty-five thousand dollars; that Hollis and wife had farmed such land for many years prior to 1934, and continued to do so up to January 9, 1938, the date of the death of Hester M. Hollis; that Mr. and Mrs. Hollis were also the owners of personal property consisting of machinery, equipment, livestock, etc.; that defendants, Ben H. Flett and Emel H. Flett, are the son-in-law and daughter, respectively, of Mr. and Mrs. Hollis; that sometime prior to August 28, 1934, defendants suggested to Mr. and Mrs. Hollis, who were elderly people, that a mortgage of some twelve thousand dollars on the property be refinanced through the Federal Land Bank, and that defendants would attend to all the details of such transaction; that defendant Ben H. Flett would continue to sell the produce from the farm as he had done, and account to Mr. and Mrs. Hollis for the proceeds; that Mr. and Mrs. Hollis accepted this proposal and proceeded with the application for a farm loan; that during the course of the proceedings, it was ascertained that the incumbrances on the property were more than the Federal Land Bank would advance as a loan, and that defendants thereupon agreed to make up the difference, provided they were repaid the amount advanced and given security for its payment; that Mr. and Mrs. Hollis consented to such an arrangement; that defendants then informed Mr. and Mrs. Hollis they should have a deed to the property instead of a mortgage, and that Mr. and Mrs. Hollis could repay the loan from the farm operations;

that thereafter, and on August 28, 1934, Mr. and Mrs. Hollis executed to defendants a conveyance of the premises; that the loan was obtained, and certain advances were made by defendants, the exact amount of which is unknown; that thereafter Mr. and Mrs. Hollis continued to farm the premises and turn over to defendants, from year to year, the proceeds of the farming operations; that relators believe that defendants received amounts much in excess of advances made by them; that relators are entitled to an accounting of all sums received by defendants and all sums advanced by them, and if the advancements have been repaid, that the property should be reconveyed to relators.

In the second cause of action, relators alleged that, after the death of Hester M. Hollis, defendants unlawfully took possession of the property, together with all the personal property located on the premises; that, after relators had qualified as administrators of the estate of Hester M. Hollis, they made demand upon defendants for possession of the real and personal property, but such possession was refused; that relators are entitled to an accounting of all personal property taken by defendants, and a return of all remaining property in their possession, and to recover the reasonable value of the property converted by defendants.

Defendants' answer consisted of a general denial.

The cause came on for hearing before the court on April 11, 1939, and after a full and complete hearing, requiring some four days, and the taking of the testimony of some nineteen witnesses, the trial court entered findings of fact, conclusions of law, and judgment, wherein it was determined that the instrument dated August 28, 1934, was in fact a warranty deed, as it purports to be. The judgment further provided that relators' action be dismissed. Motion for new trial was made and denied, and relators gave notice of appeal.

We have set out the pleadings quite fully, in order that the letter hereinafter set out, written by the trial judge to Mr. Gere, might be understood, particularly with reference to the issues and the evidence introduced under the pleadings.

On September 22, 1939, relators served and filed a proposed statement of facts in narrative form. Defendants Ben H. Flett and wife filed exceptions and proposed amendments to the proposed statement, and on October 7, 1939, the matter was argued to the respondent judge, who apparently took the matter under advisement for the purpose of examining and considering the proposed statement of facts and the exceptions and proposed amendments.

On October 23, 1939, respondent judge wrote to Mr. Gere, attorney for relators, as follows:

"Since you are a resident of Seattle and have no associate in this city in the case of Davies vs. Flett, No. 102587, Superior Court for Spokane county, I shall employ this means of apprising you of my conclusion in the matter of certifying your proposed statement of facts in the above case.

"The action, you will recall, resolved itself chiefly into a question of fact as to whether a deed in form made by Mr. and Mrs. Hollis to Mr. and Mrs. Flett in August, 1934, was what it purported to be or was a mortgage. The grantors were parents of Mrs. Flett, one of the grantees, and the contest was largely a family quarrel, some of the large family of children taking sides with the father (the mother being deceased) and others with their sister and her husband, the grantees. Much bitterness was displayed by different witnesses. Many other subsidiary and related questions arose. The case occupied four days in the trial and the court reporter estimates that a complete record of the trial would require some 550 pages of typewritten matter.

"A statement of facts is intended to give the appellate court a correct history of the trial and this is particularly true of a case in which there is a general

appeal, as is the case here. For example, the order in which the witnesses are called and testify is important. To show you how unsatisfactory and confused your proposed statement is in this respect I shall give you the order in which your proposed statement calls the witnesses and follow that with the order in which the Court Journal shows they were actually called: . . .

"An inspection of these lists will show that they agree upon only one name, viz., the very first one, John T. Hollis. Is there any excuse for this scrambling the list of witnesses?

"Taking up defendants' exceptions, I find that the first is to strike the first two pages of the proposed statement, which motion should be granted. The next is a criticism of the brevity of the testimony of John T. Hollis, the father of the large family of children. In view of the character of the case, I think the criticism just and that the exact testimony should be given, and particularly should cover the several items specified in the exceptions. The next witness is Essie Davies. I took full notes of the testimony of witnesses but after being informed there would be no appeal, destroyed them, so that many of the details of the evidence have slipped away. I do recall that this witness was particularly rancorous notwithstanding she had no apparent interest. There is one quotation that concerns me personally, viz., the statement showing that I overruled an objection of yours, adding that I had known Mr. Brown for a long time and that he would not ask questions that weren't material. That is pure slander. I have had the court reporter search his notes and he tells me that he finds nothing of that kind. I feel quite positive that I should never make a statement of that character in court. In my memorandum deciding the case I spoke highly of Mr. Brown but that is quite different from this. It must be stricken.

"The various other specific matters referred to in the exceptions, of the omissions from the testimony of several witnesses will all be granted and plaintiff's counsel directed to supply them.

"Now, Mr. Gere, you must see that this proposed statement in its present form can never be certified as required by section 391 RRS for you yourself must ad-

mit that it does not 'contain all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record.'

"I regret that I must reach this conclusion but you must see that I could not truthfully reach any other. You may take such further steps as to you seem proper."

On October 28th, Mr. Gere wrote to respondent judge the following letter:

"It is quite distressing to be unable to fully understand the complete conclusions reached by your Honor, and I am therefore asking for further advice. As I understand the procedure in the settlement of statement of facts, the points wherein there is direct conflict, the court determines which is correct. These I pointed out in my responses to defendants' exceptions, but I would not understand your ruling, unless it means that we must secure a transcript by the court reporter before your Honor will pass upon them. If further details of evidence in narrative form is required, then I am only too anxious to amend or supplement the statement, if I can learn just what testimonial facts, material, were omitted. Personally I know of none and none have been actually pointed out and outlined.

"Assuring your Honor of my earnest desire and purpose to do all in my power to prepare a statement of facts that your Honor will approve, in order that these poor people will have their rights accorded them, I am . ✓ . ."

Apparently, so far as the record shows, nothing further was done by Mr. Gere to comply with the letter of October 23rd, but on November 15th, relators filed their application in this court for an alternative writ of mandate, as hereinbefore stated. On the same day, this court issued an alternative writ requiring respondent judge to certify relators' proposed statement of facts, or appear on December 15th and show cause why he had not done so.

On November 30th, respondent judge filed herein his

answer to the writ, wherein he stated that, under the issues in the cause, two questions were presented: (1) Whether the deed mentioned in relators' complaint was, in fact, a deed or a mortgage, and (2) if the instrument was a mortgage, then for an accounting; that four days were taken in the trial, and respondent judge was advised by the official court reporter that a full statement of facts would comprise between 525 and 550 pages; that relators' proposed statement of facts in narrative form comprised some 53 pages; that relators did not serve and file with the proposed statement of facts a concise statement of the points upon which they intended to rely on appeal; that the proposed statement of facts did not pretend to be a full and complete statement of facts; that, at the time the proposed statement of facts was filed, there was appended thereto a proposed certificate, to be signed by respondent, which certificate was to the effect that such proposed statement contained all the material facts, matters, and proceedings occurring in the cause and not already a part of the record, and that it contained all the material evidence and testimony introduced upon the trial, together with all objections and exceptions made and taken to the admission or exclusion of testimony; that respondent refused to certify the statement, as provided in the certificate, and wrote to Mr. Gere (which letter has been hereinbefore set out); that, on November 15, 1939, respondent did certify the proposed statement of facts, which certificate is as follows:

"State of Washington ⎫ ss.
"County of Spokane ⎭

"I, Wm. A. Huneke, one of the judges of the superior court of the state of Washington in and for the county of Spokane, and the judge before whom the above entitled cause was tried, do hereby certify:

"(1) That pages one and two of the within proposed statement of facts should be and they are hereby

stricken for the reason that said two pages are not proper matter for a statement of facts.

"That that part of page 15 of said proposed statement which reads as follows:

" 'The court stated that he had known defendant's attorney for a long time and that Mr. Brown would not ask questions that weren't material.'
should be and the same is hereby stricken for the reason that no such thing occurred or was said during the progress of the trial.

"(2)  That the other matters and proceedings embodied in the foregoing proposed statement of facts are matters and proceedings occurring in the trial of said cause and the same are hereby made a part of the record herein.

"(3)  I do further certify that the foregoing proposed statement of facts does not include the complete record and all of the proceedings and evidence in said cause.

"(4)  I do further certify that the appellants did not serve or file with their proposed statement of facts a statement of the points upon which they intended to rely on appeal as required by subdivision 2 of Rule IX of the supreme court of the state of Washington, and that the appellants have not at any time served or filed such a statement and that respondents were therefore not advised so as to be able intelligently to propose amendments in accordance with the provision of the statutes.

"(5)  I do further certify that plaintiffs and defendants' exhibits Nos. 1 to 27 inclusive hereto attached are all the exhibits admitted upon the trial of said cause."

Respondent's answer to the writ further stated that respondent notified Mr. Gere, on November 15th, that he had certified the statement of facts, and sent Mr. Gere a copy of such certificate; that respondent did not receive a copy of the alternative writ until November 21, 1939; that respondent cannot further certify the proposed statement of facts, as it contains only about one-tenth of the entire evidence introduced at the trial,

and in a case such as the one at bar, practically all of the evidence is material, it going to the credibility of the witnesses, and the case being one largely of fact.

This is the record upon which relators seek the writ herein.

■ Relators contend they have been guilty of nothing more than inability to furnish a court reporter's transcript. They further contend that everything else has been supplied by them in good faith, and that they are entitled either to have their proposed statement, with their proposed amendments, certified by respondent, or in the alternative to have it so certified after the relators have been furnished sufficient particulars of omitted testimony so that they may make the required additions to the proposed statement of facts.

We think when respondent judge's letter of October 23rd is considered in connection with the exceptions and proposed amendments of defendants Flett and wife, as filed, it quite definitely appears what the trial court required to be done; and under the record, we cannot say that, in requiring relators to strike certain parts of the proposed statement and to supplement it in accordance with the directions given, the trial court was abusing the discretion vested in it. It does not appear that relators attempted to comply with the court's request. We do not think the court's request can be construed as requiring relators to furnish a full transcript of the reporter's record, although the court did request that some of the testimony be fully set out, which we think the court had a right to do if it considered the testimony necessary to a determination of the cause.

We do not lay any particular importance upon the failure of relators to set out the testimony of the witnesses in the order in which they were called in the trial.

It is the court's duty to sign only a certificate which

states the truth, and a trial judge will not be required by this court to certify a statement of facts as containing all the material facts, when such is not the case. *State ex rel. Evans v. Chapman,* 139 Wash. 556, 247 Pac. 946.

The return of respondent judge shows that relators filed no concise statement of points on which they intended to rely on appeal, as prescribed by subd. 2, rule IX, Rules of the Supreme Court, 193 Wash. 10-a.

We, therefore, think it apparent from the record that the respondent judge could neither certify that the proposed statement contained all the material facts, matters and proceedings occurring in the cause, which were not already a part of the record, nor that it contained all the material facts, matters and proceedings occurring in the cause, necessary for a determination of the points on which relators intended to rely on appeal. In other words, it does not appear that respondent judge could have made any certificate other than the one he did make on November 15th.

The certificate was signed by respondent judge six days before the alternative writ was served upon him, at which time, as we have stated, relators apparently had made no attempt to comply with his request that the statement of facts be supplemented.

A careful examination of this record convinces us that the trial court did all that could be required of it, and that it did not abuse its discretion in refusing to sign the certificate proposed by relators, or in signing the certificate which in its judgment spoke the truth relative to the statement of facts.

The writ must be, and it is hereby, denied.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.