[No. 30902.   Department One.   March 29, 1949.]

E. W. JOHNSON *et al., Appellants,* v. THE WASHINGTON TRUST COMPANY *et al., Respondents.*[1]

[1]Reported in 204 P. (2d) 505.

*Congdon, Clemans & Kasperson,* for appellants.

*Paine, Lowe & Coffin,* for respondent The Washington Trust Company.

*Stimson & Donahue,* for respondent Reconstruction Finance Corporation.

*Frank P. Weaver,* for respondent Carr.

HILL, J.—We are here concerned with a motion to strike the statement of facts. The judgment appealed from was entered September 28, 1948. On December 9, 1948, the appellants filed a proposed statement of facts consisting of four numbered volumes of the reporter's record total-

ing more than twenty-five hundred pages, together with a separate volume denominated "Statement of Facts for June 1, 9, 28 and 29, 1948," which contains only seventy-one pages. It is stated by the respondents in their brief, and not denied by the appellants, that the following appears as the final item of the reporter's record in the volume last referred to:

" 'THE COURT: Let the journal show that this matter is continued until 9:30 o'clock a.m. on the 9th, and then if counsel have any agreed order between them, subsequent to that time, we can consider it.

" 'Adjourn court.

" ' (Whereupon, at 4:22 o'clock p.m., the matter was continued to September 9, 1948, at 9:30 o'clock a.m.)' "

It is obvious that the trial had not been completed on June 29th and that further proceedings were contemplated; and it is agreed that additional testimony was taken on September 27, 1948, and that the findings of fact, conclusions of law, and judgment were signed on September 28th.

An additional volume, marked "Statement of Facts for September 27 and 28, 1948," was filed January 17, 1949. That date was beyond the time limit prescribed by Rule of Supreme Court 9(1), 18 Wn. (2d) 9-a, which requires that a proposed statement of facts be filed in the office of the clerk of the superior court within ninety days after entry of the final judgment.

These six volumes together comprise the statement of facts as finally certified by the trial court.

The question we must determine is whether the five volumes filed on December 9, 1948, constituted a proposed statement of facts, or whether the filing of the sixth volume was necessary before there was a proposed statement of facts within the purview of Rule 9 (1).

We have repeatedly said that the filing of the proposed statement of facts within the ninety-day period is mandatory, and that the question of failure so to do may be raised at any time or by the court on its own motion. See *Neis v. Pool,* 148 Wash. 646, 269 Pac. 801, decided August 27, 1928, the first case decided after the ninety-day rule

was adopted on January 14, 1927, replacing the statutory requirement of thirty days with sixty days' permissive extension. Rem. Rev. Stat., § 393 [P.P.C. § 47-25]. Previously, the statute had also been held to be mandatory. *Loos v. Rondema,* 10 Wash. 164, 38 Pac. 1012, and many cases thereafter. We feel safe in saying that, between *Neis v. Pool, supra,* and *Woodard v. Kuhn,* 32 Wn. (2d) 96, 200 P. (2d) 739, decided December 10, 1948, the rule has been invoked during every intervening term of this court, and one or more decisions thereon may be found in every volume of our reports.

In order to satisfy the rule, a proposed statement of facts must be filed in good faith and with an intent that such statement be a full and complete record of the facts, matters, and proceedings theretofore occurring in the cause. *Livermore v. Northwest Airlines,* 6 Wn. (2d) 1, 106 P. (2d) 578; *Colasurdo v. Colasurdo,* 27 Wn. (2d) 860, 181 P. (2d) 172. We have held that, if the proposed statement of facts is so filed, even though deficient, it may be corrected. *Livermore v. Northwest Airlines, supra.* On the other hand, we have held that, when a record obviously is not complete, it does not meet the requirements of the rule. *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123; *Grant v. Fisher Flouring Mills Co.,* 190 Wash. 356, 68 P. (2d) 210; *Schultz v. Anderson,* 191 Wash. 326, 71 P. (2d) 365; *Colasurdo v. Colasurdo, supra.*

From comments made by the trial court as set forth in the affidavits filed in support of the motion to strike the statement of facts, it seems that in this case the reporter inadvertently omitted the proceedings of September 27 and 28, 1948, from the record of the proceedings which he prepared, and that the attorneys for the appellants filed what the reporter delivered to them without examination and in the belief that it constituted a full and complete statement of facts. The appellants therefore insist that the five volumes of the reporter's record filed on December 9, 1948, were filed in good faith and were intended to be a full and complete statement of facts, and that, consequently, they have

met the requirements of the rule. The trial court indicated its belief that appellants' counsel had acted in good faith.

The respondents insist that it cannot be said that the proposed statement of facts was filed in good faith and was intended to be full and complete when the testimony taken on September 27th and the proceedings on September 28th were not included and did not purport to be included, and the statement of facts was obviously incomplete.

■ We agree with the respondents. We do not believe that an appellant can file whatever the court reporter hands him as a proposed statement of facts and then say he filed it in good faith and intended it to be full and complete if, in fact, even a cursory examination would show that it was incomplete. The party proposing a statement of facts must take the responsibility for at least the clearly apparent omissions of the court reporter. In *State ex rel. Royal v. Linn,* 35 Wash. 116, 76 Pac. 513, we said that "he must be presumed in law to know what the proposed statement contains."

Any examination of the five volumes of the reporter's record filed on December 9, 1948, as a proposed statement of facts would have shown that the fifth volume, by its caption, covered only four days of the trial, the last of which was June 29, 1948. The appellants must have known that there were proceedings subsequent to June 29th, even if they did not look inside the volumes presented to them and see that the last page of the reporter's record showed a continuance to a day certain.

■ Our cases indicate that a proposed statement of facts which has been filed in good faith and with the intent that it be full and complete, may be corrected and amended after the expiration of the ninety-day period allowed for the filing of the proposed statement of facts. It may even be added to or supplemented, if the addition or supplement is an amendment and not a complement. *Livermore v. Northwest Airlines, supra.*

Four cases have been cited and more could be furnished if necessary to establish that we are committed to the rule

that, where something must be added to complete a proposed statement of facts timely filed but incomplete, the addition will not be permitted after the ninety-day period. In *Colasurdo v. Colasurdo, supra* (p. 871), it was said:

"In the instant case, the so-called supplemental statement was not a supplemental statement at all but was a statement of the matters and proceedings occurring at the trial which the court reporter had not transcribed in time to file it within the ninety days; in other words, it purported to complete a record which was admittedly incomplete and not in conformance with the statutory requirements."

Whether the incompleteness of the record is due to the failure of the court reporter to transcribe his notes, as in the *Colasurdo* case, or his failure to include the final two days' proceedings in the statement of facts prepared by him, as in the present case, would seem to be immaterial. In either case, the proposed statement of facts is incomplete.

■ The appellants contend that there is a distinction between a case where the appellant voluntarily seeks to complete an incomplete proposed statement of facts after the expiration of the ninety days and a case where the appellant files a complementary supplement or supplements under the direction of the court. Appellants cite as illustrations of the former class of cases, *State v. Schafer*, 154 Wash. 322, 282 Pac. 55; *State v. Sherwood*, 166 Wash. 160, 6 P. (2d) 595; *Grant v. Fisher Flouring Mills Co., supra*; *Falk v. Rose*, 18 Wn. (2d) 333, 139 P. (2d) 634; and, as illustrations of the second class of cases, *State ex rel. Larpenteur v. Superior Court*, 183 Wash. 252, 48 P. (2d) 205; *Livermore v. Northwest Airlines, supra*; *Thompson v. Short*, 6 Wn. (2d) 71, 106 P. (2d) 720.

This court does not recognize such a distinction as that for which appellants contend, and there is no logical basis for it. If the proposed statement of facts, when filed, was obviously incomplete and remained so at the expiration of the ninety-day period, then, whether the supplementation which completed the proposed statement of facts was filed voluntarily by the appellants or was made in conformity

with an order by the trial court is immaterial, because no proposed statement of facts within the contemplation of the rule was filed within the ninety-day period. In *Colasurdo v. Colasurdo, supra* (p. 870), we said:

"It seems to us that, before the court would have any authority to add to or supplement a proposed statement of facts, even though amendments to such statement had been proposed, the proposed statement must be one conforming to the statutory requirements. If it does not so conform, as admittedly it does not in the instant case, it is no statement of facts at all, and the court would have no authority to make of record proceedings which are not of record, by a so-called supplemental or additional statement of facts filed after the ninety-day period."

Nor do the three cases cited by appellants support the distinction claimed:

(1) The *Larpenteur* case does not deal with the timeliness of the filing of a statement of facts.

(2) In *Thompson v. Short*, we permitted the inclusion of a memorandum opinion in the statement of facts after the expiration of the ninety-day period. Rule of Supreme Court 9(5), 18 Wn. (2d) 11-a, states that, if the judge of the superior court has filed a written memorandum giving his reasons for the decision, the same shall be included in the statement of facts. However, that rule was adopted for the assistance and convenience of this court, and is not mandatory. A written memorandum opinion is not a material fact, matter, or proceeding in the cause (nor is it required in the superior court); its inclusion in the statement of facts is, like certain accessories on an automobile, convenient but not essential. No penalty other than refusal to give it any consideration has ever been imposed for failure to include such a written memorandum in a statement of facts. *Forbus v. Knight*, 24 Wn. (2d) 297, 312, 163 P. (2d) 822, and cases there cited.

(3) Any statements made in the case of *Livermore v. Northwest Airlines, supra*, must be construed against the background of the facts, which make it practically *sui generis*. It is a great tribute to the capable and conscientious

men and women who report the cases in our trial courts that so few instances can be found where the record can be stigmatized, as it was in that case, as "garbled," "inaccurate," and "insufficient."

The reporter

". . . was unable to read his notes and had to depend, in many instances, upon an unstable memory of what occurred at the trial, in order to identify the contents of the statement which he had prepared."

Whole sections of his record apparently had to be rewritten, with numerous additions and deletions. While we said in that case that "It is as necessary to add to the statement at times as it is to strike from it at other times," we also said that

". . . the supplements were prepared as amendments to the proposed statement in order that the whole would be a true and correct statement of what occurred at the trial."

We were in that instance discussing not supplements intended to *complement* a clearly incomplete proposed statement of facts, but supplements intended to *amend* a deficient but purportedly complete proposed statement of facts.

The appellants also urge that they were entitled to a certification of the record which they filed on December 9, 1948, together with the amendments proposed by one of the respondents and accepted by the appellants. Appellants rely on Rem. Rev. Stat., § 389 [P.P.C. § 47-17], which provides that, if no amendments are filed within ten days of the service of a proposed statement of facts on the opposing party, or if the amendments proposed are accepted by the party filing the proposed statement of facts, the proposed statement of facts "shall be deemed agreed to" and shall be certified by the trial judge. They cite *State ex rel. Hersner v. Arthur*, 7 Wash. 358, 35 Pac. 120; *State ex rel. Fetterley v. Griffin*, 32 Wash. 67, 72 Pac. 1030; *Desimone v. Mutual Materials Co.*, 20 Wn. (2d) 434, 147 P. (2d) 945. In each of those cases, there were statements which at first blush give support to the appellants' position. To understand those holdings, however, we must have in mind Rem.

Rev. Stat., § 391 [P.P.C. § 47-21], which, so far as material, reads as follows:

"The judge shall certify that the matters and proceedings embodied in the . . . statement . . . are matters and proceedings occurring in the cause . . . ; and, when such is the fact, he shall further certify that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or (as the case may be) such thereof as the parties have agreed, to be all that are material therein. . . . The judge may correct or supplement his certificate according to the fact, at any time before an appeal is heard. And if the judge refuse to settle or certify a . . . statement of facts, or to correct or supplement his certificate thereto, in a proper case, he may be compelled so to do by a mandate issued out of the supreme court, either pending an appeal or prior thereto."

What the cases cited by the appellants actually hold is that, if there is an agreed statement of facts within the purview of Rem. Rev. Stat., § 389, the trial judge must certify it. However, there is no requirement that, if there is an agreed statement of facts, the trial judge must certify that it contains all the facts, matters, and proceedings; he need certify only that it contains all the facts, matters, and proceedings that the parties have agreed to be material.

There is no inconsistency or conflict between the cases cited by appellants and our frequent statements that a trial court cannot be compelled to sign a certificate which is not true (*Livermore v. Northwest Airlines, supra*), or that this court will not require a trial court to certify that a statement of facts contains all the material facts, matters, and proceedings if in fact it knows that the statement of facts is inaccurate and incomplete (*State ex rel. Simcoe Sheep Co. v. Superior Court*, 2 Wn. (2d) 594, 98 P. (2d) 977; *State ex rel. Davies v. Superior Court*, 3 Wn. (2d) 102, 99 P. (2d) 934).

The respondents here at all times objected to the certification of the proposed statement of facts as originally filed by the appellants, even though the appellants accepted the specific amendments which were suggested, and we do not believe that there ever was an agreed statement of facts

under the terms of Rem. Rev. Stat., § 389. However, if there was, the appellants' remedy was an action in mandamus to compel the trial judge to certify that the first five volumes of the reporter's record, which they filed on December 9, 1948, together with the amendments proposed and accepted, contained all the facts, matters, and proceedings that *the parties had agreed to be material.* Rem. Rev. Stat., § 391. The appellants at no time proposed such a certificate to the trial court, but were endeavoring to obtain a certificate stating that their five-volume proposed statement of facts, together with the amendments proposed and accepted, contained " 'all the material facts, matters and proceedings heretofore occurring in said cause,' " and

" '. . . that the foregoing Statement of Facts contain all of the evidence and testimony introduced upon the trial of said cause, together with all objections and exceptions, made and taken to the admission or exclusion of testimony, and all offers of proof and admissions, and rulings thereon.' "

Such a certificate was not *true,* and the trial court was not obligated to and could not have been compelled to sign it.

The proposed statement of facts filed on December 9, 1948, being patently incomplete, cannot be said to have been filed in good faith and with an intent that it be a full and complete record of the facts, matters, and proceedings theretofore occurring in the cause; and it was not completed until the filing of the sixth volume of the reporter's record on January 17, 1949, more than ninety days subsequent to the entry of the judgment. The statement of facts must, in accordance with our repeated holdings under similar circumstances, be stricken.

JEFFERS, C. J., BEALS, and MALLERY, JJ., concur.

STEINERT, J., dissents.

## ON REHEARING.

[*En Banc.* June 25, 1949.]

PER CURIAM.—Upon a rehearing *En Banc* on the 17th day of June, 1949, a majority of the court adheres to the opinion heretofore filed herein.