[No. 2425.  Decided September 23, 1897.]

ANDREW HANSEN *et ux.*, *Respondents*, v. HANS NILSON,
*Appellant.*

APPEAL — NOTICE OF FILING STATEMENT — WAIVER — AMOUNT IN CON-
TROVERSY.

The voluntary appearance of a respondent with a motion
to strike a proposed statement of facts is a waiver of notice of
its filing.

Notice to respondent of the settlement and certification of a
statement of facts is unnecessary, when there are no objections
or amendments to the proposed statement as filed by appellant,
the fact of the respondent having made a motion to strike the
statement, which had been overruled by the lower court, not
constituting the character of objection contemplated by the law
on appeals.

An action for breach of warranty against incumbrances upon
real estate by reason of the lien of unpaid taxes thereon at the
the time of conveyance, the complaint alleging the lien judg-
ment thereon and sale of the property, redemption by the grantee
and demand upon grantor for the amount, the answer being a
general denial, does not raise any constitutional question as to
the legality of a tax or validity of a statute; and where the amount
involved in such action is less than $200 no appeal will lie from
the judgment.

Appeal from Superior Court, King County.—Hon.
THOMAS J. HUMES, Judge.  Appeal dismissed.

*Fred H. Peterson*, and *P. V. Davis*, for appellant.
*Benson, McLaughlin & Southard*, for respondents.

The opinion of the court was delivered by

REAVIS, J.—Plaintiffs commenced an action in the su-
perior court to recover damages in the sum of $26.50,
for breach of warranty by defendant against incumbrances
upon real estate conveyed by defendant to plaintiffs.  The

incumbrances were alleged to be unpaid taxes for the years 1883 and 1884. Plaintiffs alleged that judgment was had by the county of King for said taxes in 1894, and that the property was sold at public auction and bid in by the county of King; that plaintiffs thereafter, to protect their title, were compelled to redeem the property from the county and paid therefor the sum of $26.50. Plaintiffs, respondents here, have moved to strike the statement of facts in this court on the ground that neither notice of filing or settlement of such statement in the superior court was given to respondents. But, upon an inspection of the record here it is found that the statement of facts was filed in the superior court within time, and that respondents appeared and moved to strike the statement and against certification; that such motion was overruled by the judge of the superior court and respondents took an exception to such ruling, and that afterwards the court certified the statement. The voluntary appearance and motion of the respondents obviated the necessity of notice to them of the filing of the statement, and the statute on appeals provides that where there are no amendments or objections to the proposed statement when filed it may be certified at any time thereafter upon the application of either party. The motion to strike the statement of facts is not well taken.

Respondents also move to dismiss the appeal for the reason that this court has no jurisdiction to hear the same, the amount involved being less than $200. Counsel for defendant contends that the cause involves the legality of a tax and assessment and the validity of a statute, and thus falls within the exception in section 4, article 4 of the constitution, that if " the action involves the legality of a tax, impost, assessment, toll, municipal fine or the validity of a statute," an appeal will lie.

But the pleadings in the cause now before the court do not disclose such question. The complaint alleges the conveyance by defendant to plaintiffs of a certain lot in the city of Seattle in the year 1888, and a warranty in the deed against all incumbrances; that at the time the taxes mentioned heretofore were unpaid and a lien upon the lot. The judgment subsequently obtained in 1894 is set out, the sale of the lot under the judgment and the redemption from the purchaser at the sale by plaintiffs, and a demand upon defendant for the amount paid for redemption. To this complaint defendant merely tendered a general denial. Plaintiffs at the trial proved all the allegations of the complaint by competent testimony, showing the deed of conveyance, the judgment for taxes in the superior court, the record of the sale and the redemption by plaintiffs from the sale, and the payment of the $26.50 therefor. Defendant then offered to show that the lot was not assessed for any tax for the years 1883 and 1884, for which the same could have been sold; and second, that all taxes against the lot had been fully paid by defendant for said years, and that there are no taxes due the county as against the lot, assessed for said years. Upon objection to this testimony the superior court refused its admission. Whether such rejection of defendant's testimony was error cannot be subject to inquiry here. The answer did not raise any constitutional question and did not come within the exception mentioned above allowing appeal from a judgment for less than $200. Besides, the revenue law of 1893, under which the tax judgment was rendered, expressly provides in section 132, Laws 1893, p. 383, that the judgment " shall be conclusive evidence of its regularity and validity in all collateral proceedings, *except* in cases where the tax or assessments have been paid or the real estate was not liable for the tax or assessment;" and

thus, in any view, the ruling of the superior court could only be error.

We do not think the cause appealable, and the appeal is therefore dismissed.

ANDERS and DUNBAR, JJ., concur.