[No. 5355.   Decided October 5, 1904.]

THE STATE OF WASHINGTON, *on the Relation of Chris Klein, Plaintiff, v.* THE SUPERIOR COURT FOR KING COUNTY, *Defendant.*[1]

APPEAL AND ERROR—STATEMENT OF FACTS—CORRECTION BY SUPPLEMENTAL STATEMENT—MANDATE.   Where a statement of facts certified by the trial court to the supreme court is not complete, essential matters having been omitted, it may, under Bal. Code § 5060, be corrected by a supplemental statement in accordance with the facts, at any time before the hearing of the appeal, and the trial court will be required by mandate to certify such supplemental statement.

Application to the supreme court, filed September 30, 1904, for a writ of mandate to compel the superior court for King county, Bell, J., to certify to a supplemental statement of facts.   Writ granted.

*W. T. Scott* and *Charles S. Gleason,* for relator.

*Frank S. Griffith,* for defendant.

DUNBAR, J.—This is an application for an order directing and requiring Hon. W. R. Bell, judge of the superior court of the state of Washington in and for King county, to certify to this court a supplemental statement of facts in the above entitled cause, certifying and showing all matters and things that took place and occurred in and at the trial of the above entitled cause, in said superior court of the state of Washington in and for King county, with reference to the alleged misconduct of the jury which tried said cause, and with reference to the hearing and overruling of appellant's motion for a new trial, filed and heard in said superior court in said cause, which are not set forth and certified in the appel-

[1]Reported in 78 Pac. 137.

lant's bill of exceptions and statement of facts, now on file in the above entitled cause; and, particularly, all affidavits filed by the above named respondent in opposition to appellant's motion for a new trial, and read to, and considered by, said superior court in deciding said appellant's motion for a new trial.

The affidavits in support of this motion are, in substance, to the effect that one of the grounds for new trial relied upon by the appellant was misconduct of the jury. Certain affidavits were offered in aid of said motion for new trial, and answering affidavits were made thereto by the respondent, denying the misconduct of the jury. The judge who tried the cause makes affidavit that all of these affidavits, both of the respondent and the appellant, were read and considered by him in determining the motion for a new trial, but that, through mistake and inadvertence, the affidavits contravening the affidavits filed on behalf of appellant were not incorporated in the statement of facts. Upon the application of the respondent to the court to certify to all the facts, the judge refused to so certify, on the ground that the superior court had lost jurisdiction of the cause, the same having been appealed to this court; but announced that the supplemental statement of facts, the certification of which was asked for by respondent, was a statement of facts in accordance with the facts as they actually occurred.

It seems to us that this case falls squarely within the provisions of § 5060, Bal. Code, which specially provides that the judge may correct or supplement his certificate according to the fact, at any time before an appeal is heard; and further provides that, if the judge refuse to settle or certify a bill of exceptions or statement of facts, or to correct or supplement his certificate thereto, in a proper case, he may be compelled so to do by a man-

date issued out of the supreme court, either pending an appeal or prior thereto.   It appears that, in some of the cases heretofore decided by this court, this provision of the statute has not been enforced, but it was because it was not called to the attention of the court in the determination of those causes.   But the statute is certainly plain and explicit, and seems to have been enacted to meet just such a case as the one that is presented here. It is conceded that the statement on appeal is not the correct statement, and is not one upon which this court could properly review the action or discretion of the lower court in passing upon the motion for a new trial.   The application is made before the appeal is heard, and, falling within the plain provisions of the statute, the motion must be sustained, and respondent will be awarded the relief asked for.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.