[No. 5327.   Decided April 7, 1905.]

*In the Matter of the Estate of* MARTHA J. HOLBURTE,
*Deceased.*[1]

APPEAL AND ERROR—STATEMENT OF FACTS—AMENDMENTS—CER-
TIFICATE—CORRECTING. Although no amendments are proposed
to a statement of facts and the same is certified to contain all
the material facts, the trial judge may, on motion of the
respondent at any time before the hearing, change the certificate
to show that the statement does not contain all the material
facts, under Bal. Code, § 5060 (Rudkin, J., dissenting).

SAME—STATEMENT TO CONTAIN ALL MATERIAL FACTS. Where
the trial judge corrected his certificate to the statement of
facts by striking out the recitation that the statement contained
all the material facts, the statement cannot be considered, as
it is evident that the statement does not contain all the material
facts, and the judgment must be affirmed if it is sustained by
the findings.

APPEAL AND ERROR—DECISION—AFFIRMANCE ON CORRECTED CER-
TIFICATE—COSTS. Upon an order of affirmance based upon a
correction of the certificate to the statement of facts, no costs
will be allowed the respondent where no amendments were
proposed to the statement of facts and he waited several months
before moving for a correction of the certificate.

Appeal from a judgment of the superior court for Lin-
coln county, Neal, J., entered May 10, 1904, admitting
a will to probate. Affirmed.

*Martin & Grant,* for appellants.

*J. T. Mulligan* and *Myers & Warren,* for respondent.

Root, J.—This is an appeal from an order, judgment,
and decree of the superior court admitting to probate the
will of one Martha J. Holburte, deceased. From the record
it appears that appellants filed and served a proposed
statement of facts on the 30th day of June, 1904. No ob-

1Reported in 80 Pac. 294.

jections were made or exceptions taken to any portion of said statement, and no amendments were proposed thereto within the ten days provided by the statute. Thereupon, the trial judge settled and certified the said statement in the usual manner, said certificate reciting that the statement "contains all the material facts, matters and proceedings heretofore occurring in the cause," etc. The record does not show when this certificate was signed, but it was evidently on, or shortly subsequent to, the 16th day of July, 1904. Thereafter the respondent moved the court "to amend and correct the said statement *according to the facts.*" This motion was heard and granted upon the 26th day of October, 1904, the order upon said hearing reciting as follows:

"It is ordered that said motion be, and the same is, hereby allowed and granted, and said certificate heretofore signed herein to said statement of facts consisting of eighteen pages is hereby amended so as to read as follows:

"State of Washington, County of Lincoln, ss: I, the undersigned, the trial judge in the above entitled cause, do hereby certify that the above and foregoing matters and things are matters and proceedings occurring in said cause and the same are hereby made a part of the record herein. And I further certify that no amendments were proposed by respondent. Appellants except to this order.

"Done in open court this 26th day of October, 1904. "Attest: W. N. Downie, Clerk.   C. H. Neal, Judge."

This order, containing said certificate, was thereupon attached to the said statement of facts, and comes here as a part thereof. No effort appears to have been made by appellants to supply the missing portion, deemed by the trial court as essential to a complete statement of "all the material facts, matters, and proceedings." The question as to the power of a trial judge to amend his certificate, or to correct a statement of facts after the same has

been settled by express agreement, or after the expiration of the ten days allowed by the statute within which to file proposed amendments, has been before this court several times and in various forms. The decisions thereupon are not harmonious. The entire matter, however, was the subject of careful consideration by the court in the case of *State ex rel. Klein v. Superior Court,* 36 Wash. 44, 78 Pac. 137, wherein it was held that the trial court had this power, and that it could be exercised at any time prior to the hearing of the case upon appeal in this court. This decision is in accordance with that portion of Bal. Code, § 5060, which reads:

"The judge may correct or supplement his certificate according to the fact, at any time before an appeal is heard. And if the judge refuse to settle or certify a bill of exceptions or statement of facts, or to correct or supplement his certificate thereto, in a proper case, he may be compelled so to do by a mandate issued out of the supreme court, either pending an appeal or prior thereto."

The statute and the prior holding of this court being as stated, it follows that we must, in the case at bar, be controlled by the final certificate of the trial judge. From this certificate it does not appear that all of the material facts, matters, and proceedings occurring upon the trial are contained in the statement of facts brought here. On the contrary, reading this certificate in the light of the former certificate, it is evident that the statement does not contain all of such facts, matters, and proceedings. This being true, we are, under the authority of numerous decisions of this court, unable to consider the said statement. Nothing remains but to affirm the order, judgment, and decree of the lower court, providing the findings of fact sustain the same. Appellants make no contention as to the findings being insufficient for this purpose. An ex-

amination of them shows that they amply sustain the order, judgment and decree appealed from. The same is therefore affirmed.

Respondent having submitted no amendments, objections, or exceptions to appellants' proposed statement of facts, but having waited several months before moving for a correction of the trial judge's certificate, we are disposed to regard his neglect and delay such as should preclude him from recovering costs on this appeal. Costs will be allowed to neither party.

MOUNT, C. J., DUNBAR, and CROW, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.

RUDKIN, J. (dissenting)—I dissent. By failing to propose amendments to the statement of facts at the time and in the manner provided by law, the respondent waived all objections thereto, and should not thereafter be heard to complain that the statement does not contain all the material facts, either in this court or in the court below. To permit a respondent to withhold his objections or amendments at the proper time, and thereafter defeat the appeal by procuring a change in the certificate of the trial judge, is a travesty on justice which I cannot sanction. I think the change in the certificate was in derogation of law and justice, and should be utterly ignored by this court.