[No. 21873. Department One. May 31, 1929.]

THE STATE OF WASHINGTON, *on the Relation of H. E. Baer et al., Plaintiffs,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

*Paul Carrigan,* for relators.
*Joseph Matsen,* for respondent.

FULLERTON, J.—In January, 1928, one Clara Bendsten, as plaintiff, brought an action in the superior court of King county to rescind a contract she had entered into with the relators Baer for the purchase of a certain lease of real property and certain personal property, and to recover the part of the purchase price she had paid thereon. After issue joined, the cause was assigned for trial to a department of the superior court. The cause was thereafter duly tried, resulting

[1]Reported in 278 Pac. 169.

in a rescission of the contract and a recovery in favor of the plaintiff and against the relators in the sum of $1,983.94, together with the costs of the action. The relators appealed from the judgment to this court, and sought to have reviewed herein certain of the issues of fact determined against them by the trial court. To that end they prepared a proposed bill of exceptions in which they purported to set out the oral testimony given at the trial bearing upon the fact they desired to review, and caused it to be filed with the court and served upon the plaintiff in the action. The plaintiff appeared and objected to the sufficiency of the proposed bill, and moved the court to require the relators to file a complete and full statement of facts, or, in the alternative, to strike the bill. The court, at the hearing, refused to grant the motion in either of its forms, but directed the plaintiff to designate wherein the bill of exceptions was deficient. The plaintiff complied with the request, pointing out in many particulars wherein the bill was claimed to be deficient. The court thereupon directed the relators to recast the bill of exceptions and include therein the omitted testimony. The relators thereupon filed an amended bill, to which the plaintiff also objected; setting out in her objections purported testimony material to a determination of the issue of fact to which the amended bill did not refer. The record does not very accurately disclose the subsequent proceedings, but we gather from what is shown that the court refused to certify the amended bill, and that the relators thereupon moved the court

". . . to point out in particular in what respects the proposed bill of exceptions is deficient and inaccurate . . . and that in the event the court refuses to designate, as requested in this motion, that he certify in due form according to law the said bill of ex-

ceptions as being a true and proper bill of exceptions, . . ."

The court refused to comply with the motion in either respect; whereupon the relators applied to this court for a writ of mandate, commanding the court either to certify the proposed bill of exceptions as containing a correct transcript of the evidence, or point out to them wherein it is deficient.

An alternative writ of mandate was issued by this court, to which the trial court made a return. In the return, the trial court sets out parts of the testimony of a number of witnesses, seemingly bearing upon the issue which the relators seek to review in this court, and which it certifies is not included in the proposed bill of exceptions. In addition thereto, it further returns:

"VII. That said amended bill of exceptions is inaccurate, incomplete and in many particulars untrue; that the evidence and matter set out in paragraph III of this answer are facts, evidence and matter which occurred in said cause and which have either not been included in said amended bill of exceptions or have been stated inaccurately or in such a misleading way that the plaintiff in said cause has been prejudiced thereby.

"VIII. That said proposed amended bill of exceptions is incomplete and inaccurate in many particulars not set forth in paragraph III herein and does not conform to the requirements of a statement of facts in appeal cases in equity proceedings."

In view of the return of the trial court to the effect that the proposed bill of exceptions does not contain all of the material facts bearing upon the questions of fact the relators seek to review, this court will not, of course, direct it to certify the bill as containing all of the facts, and it would seem that there is no cause shown for granting the alternative part of the appli-

cation. It is the rule, as we held in *State ex rel. Roberts v. Clifford*, 55 Wash. 440, 104 Pac. 631, that the court should not refuse to act, but should, if in its judgment the bill of exceptions or statement of facts omits any material part of the evidence or proceedings, order the insertion thereof,

"... and continue so to order until it can properly make its certificate in the language of the statute."

But this does not mean that the court must of itself point out the defects in the proposed bill, unless it may be in the instance where the court is alone the objector. It may call to its assistance the opposing party and have him point out the defects, relying on its own memory of the evidence where the parties cannot agree as to its purport or effect. But we cannot conclude that the record shows that the trial court, in this instance, violated its duties in these respects. It certainly fails to show any arbitrary action on its part, and to our minds shows that it was at all times making a good faith endeavor to have the record disclose the facts as they occurred at the trial and upon which it based its decision. Nor do we think the controversy had reached that stage where it was wholly between the court and the relators. The plaintiff herself was still objecting, not whimsically, but by pointing out wherein the bill was defective. Clearly, we think the relators could not ignore the objections of the opposing party and require the court to frame the objections in its own language. They should, if they desired to controvert them, have taken issue upon them and submitted the issue to the court, or, if it did not controvert them, obtained leave of court to amend its proposed bill of exceptions and insert the omitted matter therein.

In the return, it is suggested that the bill of exceptions does not conform to the requirements of a

statement of facts on an appeal in equity causes. But, if we understand the position of the relators, they contend that their liability depends on the question whether they were guilty of fraud in the transaction, and that they desired to present to the appellate court only the facts bearing upon this single question. This being the purpose, they are within their rights in presenting them by a bill of exceptions. Rem. Comp. Stat., §§ 387, 388, 389.

It follows that a peremptory writ of mandate must be denied, and the alternative writ, heretofore issued, vacated, and it will be so ordered. But, that our order may not be construed as prohibiting further action looking to a proper settlement of a bill of exceptions on the part of relators in the superior court, it will be entered without prejudice thereto.

TOLMAN, HOLCOMB, and FRENCH, JJ., concur.