[Nos. 27752, 28072. Department One. October 23, 1940.]

LORNA LIVERMORE, *Respondent*, v. NORTHWEST AIR-
LINES, INC., *Appellant*.[1]

THE STATE OF WASHINGTON, *on the Relation of North-
west Airlines, Inc., Plaintiff*, v. CHARLES W. GREEN-
OUGH, *as Judge of the Superior Court for
Spokane County, Respondent*.[1]

[1]Reported in 106 P. (2d) 578.

2

*Edge & Keith, Clare Turner, Karr & Gregory,* and *William A. Huneke, Jr. (Pierce Butler, Jr.,* of counsel), for appellant and relator.

*Graves, Kizer & Graves,* for respondents.

SIMPSON, J.—This cause involves two proceedings. The first is a motion presented by plaintiff to strike the statement of facts; the second is defendant's application for a writ of mandate to compel the trial court to correct and supplement the statement, and then to certify it as complete. Basically, the same issue is presented in each proceeding, and for that reason we will decide the question relative to the petition for a writ of mandate. Our decision relative to that petition will be decisive of the motion to strike the statement of facts.

The motion and petition arise out of the case of Lorna Livermore v. Northwest Airlines, Inc., a corporation, which is on appeal to this court. The action, begun October 1, 1937, was brought by plaintiff, on her own behalf, as administratrix of the estate of Joseph P. Livermore, deceased, and as guardian of a minor, against defendant, to recover damages alleged to have resulted from the death of Joseph P. Livermore, plaintiff's husband, December 18, 1936, when a Northwest

4

Airlines plane, operated by him, crashed in the mountains south of Kellogg, Idaho.

The trial commenced November 21, 1938, and continued until January 11, 1939, upon which date the jury returned a verdict for plaintiff in the sum of $37,500. A large number of witnesses were examined, and many exhibits were admitted in evidence. After a denial of the defendant's motion for a new trial or for judgment n. o. v., judgment on the verdict was entered March 2, 1939. Defendant, which is relator in the mandamus proceedings, gave notice of appeal and filed its appeal bond. Relator was represented by several attorneys, among whom were Edge & Keith, of Spokane. April 6, 1939, Mr. Edge wrote the following letter:

"Mr. J. R. McElroy
"c/o Judge Greenough's Court
"Court House
"Spokane, Washington.
"Dear Mr. McElroy:          Re: Lorna Livermore vs. Northwest Airlines
"In accordance with our recent conversation, you are instructed to omit from the Statement of Facts the opening statements of counsel, the argument of attorneys on objections and conclusions of law, and the arguments to the jury.
"Of course, we wish the objections made in connection with testimony included, and it may be that sometimes these objections might be scattered along a little in the argument, but we do not think so. At different times, matters were stated into the record which of course should be included.
"Payne Karr has advised us that he is mailing you direct a copy of the Department of Commerce testimony.                    Yours very truly,"

The proposed statement of facts, consisting of 1442 pages, was filed in the clerk's office May 27, 1939. Counsel for plaintiff did not propose any amendment to the proposed statement, but did file a motion to strike the statement of facts and a motion to quash

its service and filing. The motions were based upon the allegations that the purported statement did not include the complete record and all the proceedings and evidence in the case; that it was an improper, inadequate, insufficient, and untrue statement of facts; that it was not prepared in a bona fide effort to comply with the statutes and rules of court; that it was prepared at the express direction of defendant, in bad faith, in a grossly and materially inadequate, deficient, and misleading manner; and that it omitted substantial and material portions of the record, proceedings, and evidence, for the purpose of casting upon plaintiff the burden of placing in the statement the extensive, substantial, and material portions of the record. Relator proposed various minor changes in the statement as prepared by the court reporter.

The hearing was had upon the issues thus presented June 5, 1939. Upon that date, the trial court entered an order commanding the relator to get out "a complete record and all the proceedings and evidence in the cause." August 1, 1939, relator served and filed what is termed a "Supplemental Statement," which contained 361 pages and included the *voir dire* examination of the jury, the opening and closing statements and argument to the jury, and a few amendments to the evidence as contained in the original statement. August 25th, defendant noted the statement for certification. An additional "amended" statement of fourteen pages was filed August 30, 1939.

An extensive hearing was had, the statement of which is contained in 1767 pages of testimony and argument. At the conclusion of the hearing, the court denied the motions to strike and to quash, but certified that the proposed statement, together with its amendments, did not contain all the material matters, facts, and proceedings occurring in the trial of the case.

6

Thereafter, this proceeding for a writ of mandate was instituted in this court.

The hearing relative to the certification of the statement of facts took a wide range, but was, for the most part, an interrogation of the court reporter and related to the interpretation of his shorthand notes made at the time of the trial and a comparison thereof with the matters he included in the statement of facts. The return of the trial judge, respondent herein, to the order to show cause states that the statements, as filed and amended, contained many inaccuracies and omitted much of the evidence and many of the objections urged by counsel, together with the rulings of the court, and that the deficiencies contained in the record were occasioned by the instructions given the court reporter by Mr. Edge, attorney for relator.

It is impossible, without incorporating extensive portions of the proposed statement of facts and all the record of the hearing relative to the motion to strike, to give an exact picture of the many questions raised, discussed, and commented upon in this last hearing. It is sufficient to say that we have carefully read the evidence which has to do with the charge of bad faith made against the reporter and the attorney for relator; and, while it is true that the reporter talked with Mr. Edge at times during which the statement was being prepared, we must conclude that there was no improper effort on the part of the attorney to direct the reporter in what he should include in the statement of facts.

We do not feel that relator's attorney was guilty of bad faith in instructing the court reporter as he did, nor do we feel that there was such gross negligence as will amount to bad faith constructively. It is true that the statement of facts was submitted to the court in a garbled and inaccurate form, but the evidence at the

hearing convinces us that the attorney relied upon the ability of the official court reporter to get out an accurate record, and the failure to detect the many defects was largely attributable to the extreme length and complicated nature of the statement, combined with the fact that much of the record was delivered a very short time before the filing date.

In his return, respondent states, relative to the court reporter:

"My only references to incompetency were during the February hearings.

"I then stated that his troubles in getting out his work were very recent and began after the end of the Livermore trial.  As the situation to which I shall presently advert developed, the reporter obviously labored under a constantly increasing nervous tension. This strain developed to such a degree during the last hearing that counsel for both parties expressed serious concern, in which I joined them, as to his ability to stand up under it; all of us noted and commented on the fact that much of his conduct was hardly rational. In one or more conversations touching on this general situation, I stated that recently he had not been able to perform his duties.  At no time did I state or imply that he was in any degree incapable of performing his duties prior to his difficulty with this statement.  On the contrary, in each discussion I made it as clear as I could that he had served satisfactorily for nearly 13 years but that recently the strain under which he had been working seemed to bring him close to nervous collapse. . . ."

A reading of the examination of the court reporter bears out the court's statement of the condition of the reporter, who was unable to read his notes and had to depend, in many instances, upon an unstable memory of what occurred at the trial, in order to identify the contents of the statement which he had prepared.  He could not remember conversations he had had within recent times relative to the preparation of

the statement of facts, nor could he recall many of the incidents which occurred during the trial. The fault of the record was not due to dishonesty, but to the reporter's mental or professional disability. Neither litigant can be held responsible for the present condition of the record. Counsel for relator indicated that they were willing to supply any matter which the court conceived should be included in the statement of facts.

Was the trial court warranted in closing the hearing relative to the correctness of the court reporter's notes and certifying that the proposed statement was incorrect? It has, of course, never been suggested that the trial court should be called upon to certify to this court as true that which he knows to be not true.

In order to ascertain the duty of the court relative to hearings and the certification of the statement of facts, we deem it proper to consider the statutes and several of our former decisions.

Rule IX, subd. 1, Rules of the Supreme Court, 193 Wash. 9-a, provides for the filing of a proposed bill of exceptions or statement of facts in the clerk's office within ninety days after entry of the final judgment, or appealable order. The certificate to be attached to the bill of exceptions or statement of facts is governed by Rem. Rev. Stat., §§ 388 to 396 [P. C. §§ 7816 to 7824]. Section 389 [P. C. § 7817] reads:

"A party desiring to have a bill of exceptions or statement of facts certified must prepare the same as proposed by him, file it in the cause and serve a copy thereof on the adverse party, and shall also serve written notice of the filing thereof on any other party who has appeared in the cause. Within ten days after such service any other party may file and serve on the proposing party, any amendments which he may propose to the bill or statement. Either party may then serve upon the other a written notice that he will apply to the judge of the court before whom the cause is pending or was tried, at a time and place specified, the

time to be not less than three nor more than ten days after service of the notice, to settle and certify the bill or statement; and at such time and place, or at any other time or place specified in an adjournment made by order or stipulation, the judge shall settle and certify the bill or statement. If the judge is absent at the time named in a notice or fixed by adjournment, a new notice may be served. If no amendment shall be served within the time aforesaid, the proposed bill or statement shall be deemed agreed to and shall be certified by the judge at the instance of either party, at any time, without notice to any other party on proof being filed of its service, and that no amendments have been proposed; and if amendments be proposed and excepted [accepted], the bill or statement as so amended shall likewise be certified on proof being filed of its service and the service and acceptance of the amendments."

In *State ex rel. Fowler v. Steiner,* 51 Wash. 239, 98 Pac. 609, it appears that a proposed statement of facts was served and filed. The appellants moved to strike the statement from the record, on the ground that it did not contain any matter to settle as a statement of fact in the cause. The trial court granted the motion. Application was made to this court for a writ of mandate to require the trial court to properly settle the proposed statement. After mentioning the statutory procedure for proposing amendments, we stated:

"The procedure herein provided for, it will be noticed, does not contemplate the practice of moving to strike the statement of facts merely because it does not conform to what the adverse party may deem a proper or correct statement. The remedy the statute gives him is the right to propose such amendments as will make the statement a proper and correct statement of the facts of the case, and in all ordinary cases this is the adverse party's sole remedy for a defective or imperfect statement. But it is equally plain that it was not the purpose of the statute to require the adverse party to furnish the entire or any considerable

portion of the statement, and the appellant should not be permitted to compel him to do this either designedly, or by omissions made through inadvertence. If, therefore, there is a serious omission in the proposed statement, or if the proposed statement is not in a form the court may deem proper, the party proposing it should himself be required to supply the defect. But the proper practice to accomplish this end is not to strike the proposed statement. Such a practice will in most cases deprive the party of his right to perfect his appeal, and consequently deprive him of a substantial part of that remedial justice guaranteed by the constitution and laws of the state. The better practice is to give the party an opportunity to correct the defects and supply the omissions pointed out, and strike the statement only when he refuses to comply with the court's order. The statement should be stricken in the first instance only where it is manifest that the party proposing it has been guilty of bad faith or such gross negligence as will amount to bad faith; the remedy should not be invoked where there has been an attempt in good faith to comply with the statute."

In *State ex rel. Hofstetter v. Sheeks*, 63 Wash. 408, 115 Pac. 859, mandamus was sought to compel the trial judge to certify a statement of facts. The trial court refused to certify the proposed statement of facts on the ground that it did not recite all of the material facts occurring at the trial. The objection made by respondent was contained in a motion to strike the proposed statement. No amendments were offered or proposed, although respondent made a showing in this court, by affidavit, that the statement was garbled, inaccurate, and contradictory of the testimony given by witnesses. It was stated in the opinion granting the writ:

"The so-called amendments proposed by the parties defendant in the principal case were insufficient, in that they did not point out wherein the proposed statement was erroneous, and should not be considered by the court; but the trial judge having certified to this

court that the proposed statement is in some respects untrue, the writ will issue, with directions to the lower court to specify his objections so that the relator may have formal opportunity to comply with his demands.

" 'The court should, if in its judgment the statement omitted certain material evidence or proceedings, order the insertion thereof in the record, and continue so to order until it could properly make its certificate in the language of the statute.' *State ex rel. Roberts v. Clifford, supra* [55 Wash. 440, 104 Pac. 631]."

*State ex rel. Roberts v. Clifford,* 55 Wash. 440, 104 Pac. 631, defines the duty of the trial court in the following language:

"Inasmuch as it is, under our practice, the duty of the court below to settle and certify a statement of facts, when under the statute the time has arrived for such settlement and certification, this court may, and should, by its mandate compel the court below to perform its statutory duty. It will not do for the court to say it does not know whether the proposed statement of facts is accurate or not. The law assumes that the court does know, and requires that he shall know. As a matter of fact such assumption may be a fiction, but it is a fiction of the law and must be given full effect. Manifestly, then, when a proposed statement of facts is presented to the court for settlement and certification, it is the duty of the court to examine it and ascertain whether or not it contains, in the language of the statute, 'all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or such thereof as the parties have agreed to be all that are material therein'; and if in his judgment it fully meets such requirements, he should so certify it. If in his judgment it does not meet such requirements, and material facts and matters are omitted therefrom, the court should order their insertion, and when so inserted make its certificate accordingly. If, however, this order of the court be not complied with, the statement may be stricken. *State ex rel. Fowler v. Steiner,* 51 Wash. 239, 98 Pac. 609.

"The court may not say he does not know, and only can know when the entire transcript of the evidence and proceedings as taken by a stenographer at the trial are embodied in the statement as a part thereof. This would be, in effect, the substitution of the stenographer's judgment as to what was the evidence and procedure for that of the court's, and while doubtless the courts may safely rely upon the stenographer obtaining and presenting a correct transcript of the proceedings, it is nevertheless the duty of the court to examine it until it is satisfied that it is such a true record, and in such examination the court must rely upon its own judgment and memory of the proceedings, and not upon that of the stenographer. The court, therefore, may not require the embodiment of the entire transcript as made by the stenographer, upon the ground that only in such embodiment may he know that the statement contains all the material facts. He should require the party proposing a statement of facts to embody therein 'all the material facts,' whether such a requirement means less or more than may be shown by the stenographer's transcript; and in so requiring, the court must itself, from its memory or other aids which it may properly employ for such a purpose, determine when the proposed statement is sufficient. The court below was, therefore, wrong in requiring relator to make the entire transcript a part of his proposed statement, for the reason that it could only then know that the same was a proper statement. The court should, if in its judgment the statement omitted certain material evidence or proceedings, order the insertion thereof in the record, and continue so to order until it could properly make its certificate in the language of the statute."

This court, in *State ex rel. Snook v. Jurey,* 101 Wash. 1, 171 Pac. 1014, had before it a question quite similar to that presented in the instant case. It appeared that appellant sought to raise, on appeal, the question of attorney's fees only. The respondent, without proposing any additional statement, moved the court to require the appellant to file a complete statement of

the facts or strike the proposed statement. The trial court denied the motion, but refused to certify to the statement. Appellant sought a writ to compel certification of the statement. This court did not grant the writ, but stated:

"What we have said so far might seem to call for our denial of the writ and order prayed for by relator and the giving of no further consideration to her rights in the premises. However, since this is an original proceeding in this court and is invoked in aid of our appellate jurisdiction, we think we are not confined to the mere question of compelling the certifying of the statement of facts as proposed, but that it is our duty to grant relator such relief as the facts presented entitle her to, looking to the fair presentation of her appeal in this court. Counsel for relator express a willingness to supply any deficiency in the statement of facts proposed by her, in order to make it a statement of all the facts, if it be held not to contain all the facts in its present condition."

Then, after citing and quoting from *State ex rel. Fowler v. Steiner*, 51 Wash. 239, 98 Pac. 609, we stated:

"We note from statements made in the judge's return in this proceeding that he expressed the opinion that counsel for relator, in furnishing the statement of facts, did not propose it as a statement in good faith of all the facts relating to the attorney's fees in question. If we have correctly gathered the view of the trial judge upon the question of good faith, we conclude that we cannot concur in his view upon that question in the light of the record before us. The question of attorney's fees, for which judgment was rendered in favor of Smith, seems not to have been the main issue in the case upon trial, and it seems to us that we have in this record enough facts to warrant us in concluding that there was reasonable ground for difference of opinion as to how much of the facts occurring upon the trial of that case related to the question of the attorney's fees, for which judgment was rendered in Smith's favor. We may adopt the

trial judge's view that the statement of facts as proposed by relator did not contain all of the facts relating to that question, yet we do not think that the statement as proposed was so far deficient that the trial judge was warranted in treating it as a statement proposed in bad faith with an intent to cast upon Smith the burden of supplying the deficiencies through amendments. This being true, we think that the trial judge should not have finally determined that the statement of facts as proposed should be cast aside entirely as a proposed statement of all of the facts, but that he should have given the relator an opportunity to supply such deficiencies as would make it a statement of all the facts such as the judge could truthfully certify to be such.

"While we deny a peremptory writ requiring the judge to certify the statement of facts as proposed in its present condition, we direct that the judge now furnish to relator a reasonable opportunity and time to prepare such additions to the statement as will make a statement of all the facts occurring in the cause relating to the attorney's fees in question not already a part of the record therein, and that the judge designate in a general way the particulars wherein the statement as proposed is deficient, to the end that counsel for relator may know what is required in that behalf."

We again wish to point out the fact that relator in the case at bar expressed complete willingness to abide by the court's recollection as to what the actual facts were, and was willing to make any changes in the statement which the court might order. It will be noted that the factual situation thus created was closely akin to that in the case just cited.

In passing upon the question relative to the duty of the trial court in a question involving the settlement of the statement of facts, it was stated, in *State ex rel. Baer v. Superior Court,* 152 Wash. 407, 278 Pac. 169:

"In view of the return of the trial court to the effect that the proposed bill of exceptions does not contain all of the material facts bearing upon the questions of

fact the relators seek to review, this court will not, of course, direct it to certify the bill as containing all of the facts, and it would seem that there is no cause shown for granting the alternative part of the application. It is the rule, as we held in *State ex rel. Roberts v. Clifford,* 55 Wash. 440, 104 Pac. 631, that the court should not refuse to act, but should, if in its judgment the bill of exceptions or statement of facts omits any material part of the evidence or proceedings, order the insertion thereof,

" ' . . . and continue so to order until it can properly make its certificate in the language of the statute.'

"But this does not mean that the court must of itself point out the defects in the proposed bill, unless it may be in the instance where the court is alone the objector. It may call to its assistance the opposing party and have him point out the defects, relying on its own memory of the evidence where the parties cannot agree as to its purport or effect. But we cannot conclude that the record shows that the trial court, in this instance, violated its duties in these respects. It certainly fails to show any arbitrary action on its part, and to our minds shows that it was at all times making a good faith endeavor to have the record disclose the facts as they occurred at the trial and upon which it based its decision. Nor do we think the controversy had reached that stage where it was wholly between the court and the relators. The plaintiff herself was still objecting, not whimsically, but by pointing out wherein the bill was defective. Clearly, we think the relators could not ignore the objections of the opposing party and require the court to frame the objections in its own language. They should, if they desired to controvert them, have taken issue upon them and submitted the issue to the court, or, if it did not controvert them, obtained leave of court to amend its proposed bill of exceptions and insert the omitted matter therein."

*State ex rel. Larpenteur v. Superior Court,* 183 Wash. 252, 48 P. (2d) 205, is another case in which this court passed upon a question similar to the one we have in the instant case. The situation presented was that

appellant had attempted to meet objections voiced by the court and opposing counsel, but could not secure the evidence from the court reporter. In passing upon the question presented, we said:

"The only difficulty that either the court or the plaintiff had was with respect to the form of the exceptions. It is not at all strange that the court did not remember their exact language or even their purport. Indeed, it would have been an unusual case had the court remembered them exactly or accurately. The same might be said for plaintiff. But the court had at ready command two avenues of assistance. It could have required the opposing party to supply the information, if in its possession, the court relying, however, upon its own memory, thus refreshed, as to the correctness thereof. Or the court could have subpoenaed the court reporter to testify. It would not have required very much time, nor much expense to anyone, to have done that. In fact, one of the reporters was already before the court, brought there by the defendant itself. The plaintiff manifested entire good faith in the matter, even to the point of offering to pay for having the exceptions transcribed."

In *State ex rel. Simcoe Sheep Co. v. Superior Court,* 2 Wn. (2d) 594, 98 P. (2d) 977, the facts relative to the statement of facts were: After completing 750 pages of the reporter's statement, the reporter fell ill and was unable to complete his work. The remainder of the notes were transcribed by another reporter, who supplied the record by a statement in narrative form. The attitude of the trial court is disclosed by the following quotation from the case:

"The court was dissatisfied with that portion of the proposed statement of facts, believing that the same was, in places, inadequate and inaccurate; that the testimony of many witnesses was omitted entirely; and that, as to the evidence concerning the issue of fraud, raised by the pleadings, and concerning which much evidence was introduced, the proposed state-

ment was insufficient to enable the appellate court to properly review the evidence."

It is noteworthy that, in that case, the matter regarded by the trial judge as material had been excluded by appellant, who intentionally eliminated "the testimony of many witnesses." Matters included by appellant were described by the trial judge as "inadequate and inaccurate," and appellant had not cooperated by compliance with the court's order. This court, feeling that the trial court's position was correct, declined to issue the writ, and upheld the court's order directing the relator to make the changes indicated.

The recent case of *State ex rel. Davies v. Superior Court*, 3 Wn. (2d) 102, 99 P. (2d) 934, denied the writ of mandamus sought by relator to compel the trial court to certify the statement of facts submitted. In that case, however, the court specifically directed the appellant to make certain additions, the record being woefully incomplete as it was. There was no attempt to comply with those directions, and the writ was properly denied.

In order to emphasize the procedure which must be followed, we have quoted extensively from cases in which objections believed by the trial court to be meritorious were presented, or in which the trial court, on its own motion, decided that the proposed statement did not speak the truth. From the statutes and decisions, we gather the following rules:

■ When the proposed statement has been filed, the respondent must, if he feels that the statement is deficient, propose his amendments, unless to require him to do so would actually shift the burden of preparing the statement to the respondent.

■ The trial court shall not be compelled to certify a statement of facts when it knows it is not true.

■ After a hearing is had and the court determines

that the statement is not sufficient, the court may strike foreign matters or compel the appellant to supplement the record so that it speaks the truth.

■ The law assumes that the court knows whether the proposed statement is accurate or not. In other words, the law is that the court remembers the evidence and proceedings in a case that it has tried.

■ The court may call to its aid the litigants or even subpoena third parties in order that the statement may be corrected.

■ If the court believes that the statement has omitted certain material evidence or proceedings, it should order the insertion thereof in the record and continue to so order until it could properly make its certificate in the language of the statute.

■ A party applying for a settlement of a statement of facts cannot be compelled to furnish a transcript of the reporter's notes.

■ The court is not bound by the contents of the reporter's notes. These are only an aid to the court in settling the statement of facts. The statement of facts may be in narrative form, and need not be in the form of a verbatim reproduction of all that transpired during the trial of the cause.

■ The burden of furnishing a proper and satisfactory statement is upon the proposer, and the court may call upon him from time to time to supply needed portions of the facts evidenced at the trial.

■ The statement of facts may be stricken in cases from which it appears that no attempt was made by appellant to furnish a complete statement containing all the material facts, matters, and proceedings occurring upon the trial, and in those cases in which the appellant intentionally casts upon his opponent any considerable portion of his statement through proposed amendments.

■ Where an issue of fact arises between the trial court and counsel as to what occurred at the trial, this court will refer the issue to another judge to inquire into and report facts to us.

Applying these rules, we make a further examination of the return in order to ascertain whether the parties to the action or the court complied with these rules or directed the inquiry with them in mind.

■ In the first place, the respondent did not comply with that provision of Rem. Rev. Stat., § 389, which states:

"Within ten days after such service any other party may file and serve on the proposing party, any amendments which he may propose to the bill or statement."

Her excuse is that the statement was so garbled and inaccurate that it was impossible to prepare proper amendments within the time limited by the statute. A reading of the evidence presented at the hearing proves that she was correct. Because of this fact, respondent should not be prohibited from attacking the record, in spite of her failure to submit amendments. However, the condition of the record should not, in itself, be a ground for denying this writ, for our cases impose the duty upon the trial court to order corrections in such situations.

Relative to securing a correct statement of facts produced at the trial, the respondent stated in his return:

"It is utterly impossible for the plaintiff's counsel or the court to remember what occurred at the trial with sufficient accuracy and completeness and in sufficient detail to protect her rights."

The law presumes that the court remembers the evidence and must compel insertion of matters into the record until the statement reflects the truth. It is the duty of the court to see to it that the record is

finally completed, and to that end it may bring to its aid the assistance of those individuals whom we have heretofore mentioned. Whether or not the statement as prepared by the reporter is true or correct, is not an issue. The statement of facts is not governed by the contents of the court reporter's notes, but, as we have stated, his notes and their transcription are only aids to the court in compelling a proper preparation of the statement of facts.

Another question presented in this case is whether the original proposed statement of facts may be supplemented after the expiration of the ninety-day period provided for its filing. The supplements were prepared and filed in an endeavor to meet the objections of plaintiff and to comply with the instructions of the trial court. We have held that such supplements or additions may properly become a part of the statement of facts when they are presented in an endeavor to make the original proposed statement speak the truth after objections to the proposed statement of facts have been made by the respondent or the court. Our former decisions plainly indicate that the court must, from time to time, cause changes to be made in the statement by taking from or adding to it, in order that it may reflect what actually transpired at the trial.

With respect to the jurisdictional requirement calling for a filing of the statement of facts before the expiration of ninety days, it is satisfied by the filing within that time of a statement intended to be a full and complete one, even though it actually is deficient. It is of the utmost importance that the trial judge should then have the opportunity to examine the statement and at the proper time order those changes he deems necessary in order that he may be able to certify to its correctness. It is as necessary to add to the

statement at times as it is to strike from it at other times.

Our attention has been called to *State v. Schafer,* 154 Wash. 322, 282 Pac. 55, *State v. Sherwood,* 166 Wash. 160, 6 P. (2d) 595, and *Grant v. Fisher Flouring Mills Co.,* 190 Wash. 356, 68 P. (2d) 210, in which we held that supplemental statements of fact, submitted after a lapse of more than ninety days would not be considered by this court. We adhere to that ruling. However, it has no bearing upon the question here presented. In the cases just cited, the appealing parties voluntarily endeavored to supply statements of fact additional to the statement which had been properly filed and certified. In the case at bar, the supplements were prepared as amendments to the proposed statement in order that the whole would be a true and correct statement of what occurred at the trial.

We wish to point out the fact that Rule IX, subd. 2, Rules of the Supreme Court, 193 Wash. 10-a, which provides that, when a statement of facts presents only part of what transpired, it must be accompanied by a list of the points on which the appeal is to be based, is inapplicable to the case at bar. That rule is intended to apply to those cases in which the statement filed is intended to be a limited and partial one, and not to those cases where the statement is submitted as one which represents a record of the complete trial.

In the instant case, relator caused to be filed a proposed statement of facts which was incomplete and inaccurate, and did not reflect the true record as developed in the trial of the cause. Plaintiff did not comply with the rule by filing proposed amendments, but indicated her objections by her motions to strike and quash. The trial court, when it found that this statement was deficient, did not attempt to ascertain

in what way it was incorrect, but ordered the relator to prepare, and have filed, the record made by the court reporter. The proceedings so far conducted were not along the lines suggested by the rules laid down by this court.

The writ will issue, with instructions to the trial court to order included in the record the matters and proceedings which will be necessary in order to have the statement speak the truth. This the court will continue to do until it can properly make its certificate in the language of the statute.

The motion to strike the statement of facts is denied.

BLAKE, C. J., MAIN, and ROBINSON, JJ., concur.

MILLARD, J. (concurring specially)—It is prerequisite to the validity of a statement of facts (it is a condition precedent to review by this court of any claim of error predicated thereon), whether same is an implied or "agreed" statement under the statute. (Rem. Rev. Stat., § 389 [P. C. § 7817]), or is one to which the parties agreed in writing or by stipulation in open court, that the trial judge certify (Rem. Rev. Stat., § 391 [P. C. § 7819]) that the matters and proceedings embodied in the statement are matters and proceedings occurring in the cause and that the same are to be made a part of the record therein; and, when such is the fact, he shall further certify that the statement of facts contains all the material facts, etc., occurring in the cause, or, as the case may be, such thereof as the parties have agreed to be all that are material therein. "The judge may correct or supplement his certificate according to the fact, at any time before an appeal is heard."

"Even though the appeal be presented upon an agreed statement of facts, it is necessary that it be properly certified by the trial court." *State v. Baxter*, 78 Wash. 405, 139 Pac. 196.

It will hardly be contended that a trial court could not validate by certificate, under Rem. Rev. Stat., § 391, an agreed statement of facts as a statement containing "all the material facts," etc., even if the court knew that the statement did not contain all the material facts. If the parties stipulate that the statement contains all the material facts, "such is the fact" which the court is required to certify.

Any language, or inference therefrom, in any opinion of this court to the effect that a trial judge may, if he knows that such is not the fact, refuse to certify, as containing all the material facts, etc., a statement of facts to which no amendments have been proposed within the prescribed period, is contrary to the clearly expressed intent of the legislature.

The parties may stipulate or agree that the statement of facts contains all the material facts. The trial court may not certify otherwise. The legislature has provided that, under certain circumstances, a statement will become an agreed statement of facts for the parties; that is, an "agreed statement" which contains, because of those circumstances, as does a stipulated statement, all the material facts, etc.; that "such is the fact" the court must certify.

Within ten days after service of the proposed statement of facts on the adverse party,

". . . any other party may file and serve on the proposing party, any amendments which he may propose to the . . . statement. . . . If no amendment shall be served within the time aforesaid, the proposed . . . statement shall be deemed agreed to and shall be certified by the judge at the instance of either party, . . ." Rem. Rev. Stat., § 389.

The statute is clear that the trial court may correct or supplement the certificate, but there is no language in the statute expressly or impliedly authorizing the

trial court to enlarge or supplement a statement of facts which has not been filed within the ninety-day period, or to enlarge or supplement a statement of facts, if no objections are made to the proposed statement within the statutory ten-day period. Whether the parties or the court endeavor to enlarge the statement of facts, such supplementation must be initiated within the periods prescribed by the statute. This is not out of harmony with the rule that the trial court may correct or supplement its *certificate* to speak the truth. *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123; *State v. Sherwood,* 166 Wash. 160, 6 P. (2d) 595; *Kliks v. Tenet Mortgage Co.,* 162 Wash. 514, 299 Pac. 367; *State v. Schafer,* 154 Wash. 322, 282 Pac. 55.

In *State ex rel. Hersner v. Arthur,* 7 Wash. 358, 35 Pac. 120, followed in *Warburton v. Ralph,* 9 Wash. 537, 38 Pac. 140, we held, construing § 11, chapter 60, Laws of 1893, p. 115 (present Rem. Rev. Stat., § 391), that, where a statement of facts has been served on the respondent with notice of settlement on a day named, and the respondent makes no objection thereto until after the statement is settled and certified by the trial court, mandamus will not lie to compel the trial court to correct the statement as to admitted testimony and amend the certificate to conform to the new statement. We said:

"It seems to me that there can be but one construction given to this statute; that the intention of the legislature is plainly deduced from the language employed, viz., that a time and place have been denominated for amendments to be presented by respondent to the statement of facts (a copy of which has been served upon him), if he desires to make any amendments; and if he does not appear at such time and place and offer any objections or amendments, the judge must conclude that he accepts the statement filed as the proper statement, and that no amendments are desired; for the law says plainly that, under such cir-

cumstances, 'the proposed bill or statement shall be *deemed* agreed to, and shall be certified by the judge;' and under such circumstances, in my opinion, the judge has no other duty to perform; no duty of investigation is imposed upon him excepting where amendments are offered, and there is a contest instituted thereby. If respondents were allowed to disregard the time which is prescribed under the law for filing objections to the statement or amendments thereto, then all the provisions of the law as to time are utterly without force or meaning. The idea that the judge is only to enter into an investigation when the statement is questioned by the respondent is borne out by the provisions of § 11 (Laws 1893, p. 115), which provides:

" 'The judge shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, are matters and proceedings occurring in the cause, and that the same are thereby made a part of the record therein; and, when such is the fact, he shall further certify that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or (as the case may be) such thereof *as the parties have agreed* to be all that are material therein.'

"Under the provisions of this section, if the parties agree that the statement contains the material facts the judge shall so certify. This provision, taken in connection with the provision in § 9, that where there is no amendment the proposed statement shall be deemed agreed to, leaves very little to be said so far as the intention of the lawmakers is concerned. In this case there was, under the law, an agreement that the statement certified contained all the material facts, and the parties are bound by it. While the statute provides that the judge may correct or supplement his certificates according to the facts at any time before an appeal is heard; and that he may be compelled to do so by mandate of this court, he can only correct it in accordance with the facts as shown by the statement at the time of the settlement; but he certainly is not given authority to correct the statement and then make his certificate conform to the facts of the new

statement, for this would be virtually a new settlement of the statement of facts, which, as we have said above, would destroy the force of the law prescribing the time; and the questions which ought to have been settled within ten days after the filing of the statement would remain unsettled up to the time of hearing of the appeal, and no intelligent preparation for the hearing of a case in this court could be made.

"It is objected that this construction of the statute would place the settlement of a statement of facts in the hands of the litigants, or their attorneys, and that the effect might be to make this court a court of original jurisdiction. A glance at § 12 of the same act (Laws 1893, p. 116), leaves no doubt of the legislative intention to confer this power of settlement on the parties, for it specially provides that in case of the death of a judge the statement may be settled by stipulation of the parties with the same effect as if duly settled and certified by such judge while still in office; so that the only question remaining in my mind is the question of the constitutionality of the act, and I hardly think that the remote possibility of attorneys entering into a collusion, in violation of their oaths as officers of the court, to impose a false record upon this court is a sufficient consideration to warrant this court in holding the legislative act unconstitutional. If such a case should arise, and was brought to the attention of the court, I have no doubt of the power of the court to relieve itself of the attempted imposition.

"The question of notice presented at considerable length in the petition, it seems to me, cannot be considered here. If legal notice was not given to the respondent, his remedy is to strike the statement of facts, but he cannot rely on his want of notice until after the time for amendment has expired, and then abandon his position, and seek to substitute another statement, or another certificate, which would destroy the force and effect of the statement settled, and which could not be brought here with a certificate of any other character."

On June 2, 1939, six days subsequent to the filing and serving of the proposed statement of facts, plain-

tiff in Livermore v. Northwest Airlines objected to the proposed statement of facts, but did not offer any amendments. The objection was timely, hence as effective as if amendments had been proposed.

The opinion in *State ex rel. Snook v. Jurey,* 101 Wash. 1, 171 Pac. 1014, contains language of some comfort to the majority, but all that we held in that case was that a timely objection, as in the case at bar, that a proposed statement of facts does not contain all of the facts occurring in the cause, satisfied the statutory (Rem. Rev. Stat., § 389) requirement that amendments be offered within ten days to a proposed statement of facts to prevent same from being certified as an agreed statement of facts.

*State ex rel. Klein v. Superior Court,* 36 Wash. 44, 78 Pac. 137, is not in point. In that case, through mistake and inadvertence, certain affidavits bearing on motion for new trial were not incorporated in the statement of facts, although same were filed, read to, and considered by, the court.

In *In re Holburte's Estate,* 38 Wash. 199, 80 Pac. 294, we held, stating our "decisions thereupon are not harmonious," that, although no amendments are proposed to a statement of facts and the same is certified to contain all the material facts, the trial court may, on motion of the respondent at any time before the hearing on appeal, change the certificate to show that the statement does not contain all the material facts. The dissenting opinion, as follows, of the late Chief Justice Rudkin is a complete answer to disregard of the statute (Bal. Code, § 5060; Rem. Rev. Stat., § 391):

"By failing to propose amendments to the statement of facts at the time and in the manner provided by law, the respondent waived all objections thereto, and should not thereafter be heard to complain that the statement does not contain all the material facts, either in this court or in the court below. To permit a re-

spondent to withhold his objections or amendments at the proper time, and thereafter defeat the appeal by procuring a change in the certification of the trial judge, is a travesty on justice which I cannot sanction. I think the change in the certificate was in derogation of law and justice, and should be utterly ignored by this court."

In *State ex rel. Royal v. Linn,* 35 Wash. 116, 76 Pac. 513, we held that, after a proposed statement of facts had been filed, and no amendments were proposed within the ten-day period, the statement of facts should be certified as proposed, and the trial court was without power to permit the same to be withdrawn on motion of the party proposing it for the purpose of amending, refiling, and serving the statement, although the time for filing and proposing a statement had not expired. We said:

"By the filing and service of a proposed statement, the proposing party thereby waives any further time included within the statutory or extended limit. In the absence of some fraud in the premises, he must be presumed in law to know what the proposed statement contains, and to intend that its contents shall be what they are. When, therefore, he has proposed a statement which is unobjectionable to his adversary, the law provides that, after ten days, the court shall certify it as if it were an agreed statement in the case. We therefore think the respondent should deny the motion for leave to withdraw and refile the proposed statement in amended form, and also that the original statement as proposed should be certified."

In *State ex rel. Fetterley v. Griffin,* 32 Wash. 67, 72 Pac. 1030, we held that, where proposed statement of facts was regularly filed and served and three days later the adverse party consented to the settlement and certification, the settlement and certification of the proposed statement of facts upon the waiver by the adverse party of his right to propose amendments

within the statutory period of ten days, ousted the court of further jurisdiction over the matter, even if objection were raised to the statement of facts prior to the expiration of the ten days allowed by the statute or the submission of amendments after the filing of the proposed statement.

We held in *O'Neile v. Ternes,* 32 Wash. 528, 73 Pac. 692, that a statement of facts filed after the thirty days allowed by statute, but within the sixty days additional permitted by the statute, will not be stricken because no order of the court fixing the time for settling and certifying the statement of facts is shown in the record, in the absence of any showing of proposed amendments to the statement; since, under the statute, the statement is, in such cases, deemed an *agreed statement* of facts and may be certified by the trial court at any time at the instance of either party.

In *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389, we held that, when an appellant files a proposed statement of facts, although not containing all the evidence, and no proposed amendments are filed and served by the respondent, the proposed statement of facts becomes an agreed statement of facts and, under such circumstances, is conclusive on the parties on appeal when the trial judge certifies that the statement contains all material facts.  See, also, *Hansen v. Nilson,* 17 Wash. 606, 50 Pac. 511.

In *State ex rel. Baer v. Superior Court,* 152 Wash. 407, 278 Pac. 169, we held that, upon a dispute between the parties in settling a statement of facts, a party may not ignore the adversary's objections and ask the court itself to point out the defects, but issue should be taken and tried out, and defects or omissions ordered corrected, or leave to amend obtained, until the defects are cured; and mandamus to this court will not

lie where there is no arbitrary action, but a good faith endeavor to perfect the record.

In *State ex rel. Roberts v. Clifford,* 55 Wash. 440, 104 Pac. 631, the prevailing party filed objections to the proposed statement of facts the day following service upon respondent of appellant's proposed statement of facts, therefore the objections were timely. We required the trial court to order the insertion in the statement of facts, if in the trial court's judgment same was omitted therefrom, of material evidence.

In *State ex rel. Fowler v. Steiner,* 51 Wash. 239, 98 Pac. 609, we held it was error for the trial court to strike a proposed statement of facts because it is not deemed a proper statement, where it was filed in good faith in an attempt to comply with the statute; since the remedy of the adverse party is to propose amendments or to require that defects be supplied. The motion to strike the proposed statement of facts on the ground that the statement did not contain any matter proper to settle as a statement of facts in any cause, we assume, from examination of the opinion, was timely; hence, under all the circumstances recited in the opinion, the writ should have been granted, on petition of appellant, to compel the trial court to settle proposed statement of facts.

I gather from a reading of the opinion in *State ex rel. Davies v. Superior Court,* 3 Wn. (2d) 102, 99 P. (2d) 934, that the proposed amendments to the proposed statement of facts were within time, hence that authority is not out of harmony with this concurring opinion.

That *State ex rel. Hofstetter v. Sheeks,* 63 Wash. 408, 115 Pac. 859, is not in conflict with the views expressed in this opinion, is clear from a reading of that opinion.

In the case at bar, the objections within the ten-day period to the statement of facts permitted the supplementation of the statement of facts. In the absence

of objection by a party or the court within the ten-day period to a proposed statement of facts, such statement becomes an agreed statement of facts and must be certified by the trial court as such. The statute so declares, and the more logical opinions of this court so hold.

[1]Reported in 106 P. (2d) 598.